**Ellen M. EDWARDS, Plaintiff,**

v.

**Caspar W. WEINBERGER, etc., et al., Defendants.**

**Civ. A. No. 87–644–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 29, 1987.

William S. Aramony, Irving Kator, Washington, D.C., for plaintiff.

Paula Potoczak, Washington, D.C., J. Phillip Krajewski, Norfolk, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiff, Ellen M. Edwards, a former federal employee at the Naval Aviation Depot (NADEP or Agency) in Norfolk, Virginia, has appealed to this Court a decision of the Merit Systems Protection Board. Plaintiff's removal from her position as an instrument mechanic apprentice at NADEP was proposed on February 18, 1986, and she was terminated from federal employment for excessive unauthorized absence effective April 9, 1986. Plaintiff unsuccessfully appealed her removal to the Merit Systems Protection Board (MSPB or Board) and was denied consideration of the MSPB final decision by the Equal Employment Opportunity Commission.

Before the Court now is defendant's motion to dismiss on the basis of a lack of jurisdiction to hear the appeal in the Federal District Court. Defendant claims that this action is not a mixed case, i.e., one alleging both adverse employment action and handicap discrimination, and as a result not within the Court's jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and (b)(2).

## BACKGROUND

On or about September 13, 1983, plaintiff was appointed as an instrument mechanic apprentice with the NADEP. During the time of her employment plaintiff was absent on numerous occasions for what can be generally termed as health reasons. As a result of these absences, it was proposed that plaintiff be terminated for "excessive unauthorized absence." Plaintiff was terminated from federal employment effective April 9, 1986.

Plaintiff petitioned the MSPB to hear the appeal of her termination, claiming that the removal was procedurally defective, unfounded and in bad faith. Plaintiff further alleged discrimination in violation of 5 U.S. C. § 2302(b)(1)(A), (D) and (E). These provisions prohibit discrimination on the basis of race, color, religion, sex, national origin, handicapping condition, marital status and political affiliation.

On June 27, 1986, a hearing was held before the MSPB concerning plaintiff's appeal. The administrative judge found no reason to disturb plaintiff's removal. The judge found that based upon the record, the agency adequately considered the plaintiff's legitimate need for leave and balanced it with the agency's need for plaintiff to attend work regularly. The judge stated that plaintiff was properly placed in absent without authorized leave status and that said unauthorized leave adversely affected the efficiency of the service, concluding that the agency's decision was reasonable under the circumstances. In as much as no issue of discrimination was dealt with in the record, and no evidence of discrimination was presented, the judge did not address any such issues.

Plaintiff petitioned the MSPB for review of the decision of the administrative judge, alleging that the initial decision erroneously interpreted the agency's regulations. On January 13, 1987, the MSPB denied plaintiff's petition for review, basing its decision on a failure to meet review criteria set forth at 51 Fed.Reg. 25, 158 (1986) (to be codified at 5 C.F.R. § 1201.115). In its order, the MSPB informed the plaintiff of her right to petition the United States Court of Appeals for the Federal Circuit if she wished to review the Board's decision.

On February 13, 1987, plaintiff petitioned the EEOC for "consideration of issues of prohibited discrimination." By order dated May 5, 1987, the EEOC denied consideration of plaintiff's appeal. The order stated that the authority of the EEOC to review MSPB decisions rests in 5 U.S.C. § 7702, limiting the EEOC to consideration of allegations of discrimination. The order stated that petitioner (plaintiff) had not raised

that issue so the EEOC was without authority to consider it.

On June 8, 1987, plaintiff filed this action in the United States District Court for the Eastern District of Virginia at Alexandria. Upon motion by defendant, venue has been changed from the Alexandria Division to the Norfolk Division.

## OPINION

■■■ The Court's jurisdiction under 5 U.S.C. § 7702 is limited to those cases in which discrimination is at issue. Where discrimination was not at issue before the MSPB, the Federal Circuit Court has jurisdiction. 5 U.S.C. § 7703(b)(1) and (2).

Essentially, the question before the Court is whether plaintiff's claim before the MSPB was one alleging discrimination or one dealing only with her removal. It is clear that plaintiff alleged numerous discrimination claims in her petition to the MSPB, however, it is questionable whether these claims were raised before the Board.

A review of the proceedings following plaintiff's removal provides insight. As stated, plaintiff alleged numerous discrimination violations in her petition to the MSPB, however, the decision rendered by the administrative law judge following plaintiff's hearing focused on the reasonableness of plaintiff's removal. Such a fact gives weight to defendant's argument that plaintiff made no presentation of handicap discrimination before the judge. The judge states that plaintiff's absences were not authorized, that plaintiff's removal promoted the efficiency of service, and that the agency properly balanced plaintiff's need for leave with the agency's need for plaintiff to attend work regularly. The decision is conspicuously void of any statements concerning discrimination. The judge, in a thorough six page opinion, made no mention of any evidence of "handicap", "discrimination", "reasonable accommodation" or other terms and elements associated with a complaint of handicap discrimination pursuant to the Rehabilitation Act, 29 U.S.C. § 794. Although plaintiff's brief to this Court argues that the mere absence of such "buzz words" does not abrogate her claim as one of handicap discrimination, it is reasonable to assume that even the most basic presentation of a handicap discrimination case would require examination under the Rehabilitation Act and other statutes defining a handicapped person. There is no showing made under 29 C.F.R. § 1613.702 as to the nature of plaintiff's handicap or under 29 C.F.R. § 1613.704 as to the "reasonable accommodation" plaintiff requires in the workplace. If such a thorough case of handicap discrimination was presented, as plaintiff alleges it was, it is inconceivable that the administrative judge would fail to even make mention of such an issue in her decision. Additionally, three parties present at the hearing have submitted affidavits stating that plaintiff failed to raise the affirmative defense of handicap discrimination.

Plaintiff, in the petition for review of the initial MSPB decision, challenges the administrative law judge's findings of reasonableness. Nowhere in that petition are there any allegations of removal based on discrimination. By order dated January 13, 1987, plaintiff's petition for review was denied.

On February 13, 1987, plaintiff petitioned the EEOC for "consideration of issues of prohibited discrimination." In that petition, plaintiff contends that the MSPB "erred in sustaining her removal without considering whether the agency had shown that accommodation of her physical handicap would cause an undue hardship." The petition further alleged that plaintiff was a "qualified handicapped person" within the meaning of 29 C.F.R. § 1613.702(f), although no statement or showing was made as to why plaintiff was eligible for that classification.

On May 5, 1987, the EEOC denied consideration of plaintiff's petition. The "Denial of Consideration" stated that the authority of the EEOC to review MSPB decisions emanates from 5 U.S.C. § 7702, limiting the consideration of the EEOC to allegations of discrimination. It is clear from that order that the EEOC did not feel the plaintiff had asserted handicap discrimination as a basis for her removal.

In cases where there are allegations of adverse personnel action and prohibited dis-

crimination appealable to the MSPB, jurisdiction for judicial review of final decisions rendered by the MSPB lies in the Federal District Court. *Williams v. Department of Army,* 715 F.2d 1485 (Fed.Cir.1983), *Hayes v. United States Government Printing Office,* 684 F.2d 137 (D.C.Cir. 1982). However, where allegations of prohibited discrimination are not presented, appeal is with the Court of Appeals for the Federal Circuit. *Ferris v. Department of Navy,* 810 F.2d 1121 (Fed.Cir.1987); *Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed.Cir.1983).

In *Meehan,* the Court explained that unless the discrimination was "expressly and unequivocally stated," the appeal would lie with the Federal District Courts. *Id.* at 1073. The Court further stated that where the issue of discrimination was not put forth substantively as a basis for the adverse action, the appeal was within the Court of Appeals for the Federal Circuit's jurisdiction *Id.* at 1074.

Plaintiff, in her original petition, alleged numerous forms of discrimination, however, these allegations were not presented for hearing, nor was there evidence presented, nor was that issue subject to the decision of the administrative law judge or the MSPB. Plaintiff may not challenge her removal on grounds other than discrimination throughout the appeal process and then allege discrimination as an issue in order to gain access to the Federal District Courts. A complete review of the proceedings shows that plaintiff's claims were given adequate review and that no evidence or argument concerning discrimination was presented. In as much as no issue of discrimination was presented to the MSPB and since the MSPB has not ruled on the merits of a discrimination appeal, this Court is without jurisdiction to hear plaintiff's appeal 5 U.S.C. § 7703(b)(1).

Accordingly, defendant's motion to dismiss is ORDERED GRANTED that plaintiff's appeal is ORDERED DISMISSED for lack of jurisdiction.