891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy J. PLETTEN, Plaintiff-Appellant,
v.
Constance HORNER, John O. Marsh, Merit Systems Protection
Board, Defendants-Appellees.
 No. 88-2196.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff LeRoy J. Pletten appeals the district court's judgment dismissing his Title VII civil rights action for lack of subject matter jurisdiction. We affirm.
 
 I.
 
 2
 Plaintiff Leroy Pletten was hired as a civilian employee of the United States Army Tank-Automotive Command ("TACOM") on August 26, 1969. On December 14, 1980, TACOM placed the plaintiff on leave without pay because TACOM could not "reasonably accommodate" plaintiff's medical condition which, according to plaintiff's physician, required that plaintiff be provided a work environment totally free from tobacco smoke.
 
 
 3
 Plaintiff appealed that action to both the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity
 
 
 4
 15, 1980. The judge found the discrepancy to be minimal and insufficient to support a finding of noncompliance.
 
 
 5
 Plaintiff's petition for review was denied by the MSPB on January 29, 1988. That order notified plaintiff that he could petition the United States Court of Appeals for the Federal Circuit to review the MSPB's decision and that such a petition must be received by the court within thirty days. Instead, on February 26, 1988, plaintiff filed a petition for review with the EEOC. EEOC regulations allow review of an MSPB decision on issues of prohibited discrimination where the petitioner raises allegations of discrimination before the MSPB. The EEOC concluded that plaintiff's petition for review of the MSPB's order denying plaintiff's enforcement petition was not within the EEOC's review jurisdiction because the enforcement petition raised no issue of discrimination, and the EEOC's review jurisdiction is limited to "matter[s] involving allegations of discrimination." Accordingly, the EEOC issued a Denial of Consideration on May 23, 1988.
 
 
 6
 On June 22, 1988, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964. The acts alleged by plaintiff in his complaint are the same acts he alleged in his action before the MSPB. Defendants have characterized plaintiff's lawsuit as a "Title VII complaint seeking review of a final order of the [MSPB]," a characterization with which the district court apparently agreed.
 
 
 7
 rests with the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1).
 
 
 8
 In this case, the order to be reviewed concerns the effective date of plaintiff's disability retirement, the sole issue raised in plaintiff's petition for an enforcement order. The Administrative Law Judge defined the issue in the initial decision of the MSPB:
 
 
 9
 Review of the appellant's pleadings reveals that he wishes to use the Board's enforcement procedure as a forum to continue his effort to ban smoking from his former employing agency, the United States Army Tank-Automotive Command (TACOM) in Warren, Michigan. Although the appellant cites a plethora of cases allegedly supporting his effort, these cases are neither relevant nor material to the issue presented by his petition for enforcement.
 
 
 10
 The issue here is whether OPM has selected the correct date for the commencement of the appellant's retirement annuity.
 
 
 11
 As we have said, the EEOC refused to consider plaintiff's petition for review because his petition failed to raise any discrimination issues. Plaintiff's allegation on appeal that his case concerns discrimination claims does not suffice to avoid the exclusive provision of 5 U.S.C. § 703(b)(1). See, e.g., Edwards v. Weinberger, 688 F.Supp. 203 (E.D.Va.1987). Since plaintiff's appeal does not concern claims of discrimination, exclusive appellate jurisdiction rests with the United States Court of Appeals for the Federal Circuit pursuant to 5 U.S.C. § 7703(b)(1).