**Clarence J. JAMES, Jr.**

v.

**Daniel LEVINSON, Maria Johnson and Dennis Devanney, In their official capacities as Members, U.S. Merit Systems Protection Board and Lawrence B. Gibbs, In his official capacity as Commissioner of Internal Revenue U.S. Department of the Treasury Internal Revenue Service, and Clarence Thomas, Fred Alvarez, R. Gaull Silberman and Tony Gallegos, In their official capacities as Members, U.S. Equal Employment Opportunity Commission.**

Civ. A. No. 87–3027.

United States District Court,
E.D. Pennsylvania.

Feb. 11, 1988.

**188**

Frank Finch, III, Philadelphia, Pa., for plaintiff.

Lairold M. Street, Washington, D.C., Edward S.G. Dennis, Jr., U.S. Atty., Charisse R. Lillie, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are the motions to dismiss pursuant to Fed.R.Civ.P. 12 of defendants Equal Employment Opportunity Commission ("EEOC"), Daniel

Levinson ("Levinson"), Maria Johnson ("Johnson"), Dennis Devanney ("Devanney"), and Internal Revenue Service ("IRS") Commissioner Lawrence B. Gibbs. For the reasons stated herein, defendants' motions will be granted and plaintiff's action in mandamus will be dismissed.

## BACKGROUND

Plaintiff Clarence J. James, Jr. ("plaintiff") a black male, is a former employee of the IRS. He was a computer specialist to the District Director's staff in Wilmington, Delaware, from November 1983 to September 21, 1984. Plaintiff's employment was terminated by the IRS effective September 21, 1984, for omission of information on state forms and falsification of a personal qualification statement. Plaintiff received the notice of proposed termination on September 18, 1984, and sometime between that day and October 12, 1984, he consulted an IRS Equal Employment Opportunity Counselor ("EEO counselor").[1] Plaintiff raised two issues: IRS procedural error in the processing of his termination, and race discrimination.

On October 10, 1984, plaintiff filed an appeal with the MSPB alleging both the procedural and race issues. Two days later the EEO counselor advised plaintiff that he should process the procedural issue with the MSPB and after the MSPB renders a decision, the race complaint should be filed with the IRS. On December 18, 1984, a MSPB hearing officer conducted a hearing on plaintiff's appeal petition. The MSPB initial decision dated January 18, 1985, was in favor of the IRS with respect to plaintiff's allegations of procedural errors. In dismissing the race claim, the MSPB hearing officer stated the following:

> ... appellant alleged racial discrimination in his appeal petition, he did not

---

[1]. Plaintiff, in his complaint at para. 12, 13, alleges that he spoke with the EEO counselor on September 18, 1984, thus invoking the "Agency Regulations for Processing Complaints of Discrimination," 29 C.F.R. § 1613.211, *et seq.* The IRS contends that the date of initial contact was October 12, 1984, and submits a report of this meeting as Exhibit B to its motion to dismiss. For purposes of plaintiff's election of remedies pursuant to 29 C.F.R. § 1613.402(c), "filing of a mixed case complaint occurs when the complaint is filed with the appropriate agency offi-

cial, in accordance with 1613.214(a)(3)...." Section 1613.214(a)(3) states that a "complaint shall be deemed filed on the date it is received, if delivered to an appropriate official...." Subsection (a)(1) mandates that the complaint be submitted in writing and signed by the complainant. There is no allegation by plaintiff that this was done. At best, it appears that plaintiff invoked the pre-complaint processing steps (29 C.F.R. § 1613.213) before he filed his mixed case appeal with the Merit Systems Protection Board ("MSPB") on October 10, 1984.

raise this issue at the hearing or present evidence on this matter. Accordingly, the appellant not having pursued this issue, I am dismissing it from further consideration in this appeal.

This decision became final on February 22, 1985, since a petition for review was not filed with the MSPB and the MSPB did not open the case on its own motion.

Plaintiff received a "Notice of Right to File Discrimination Complaint" on January 25, 1985 from the EEO counselor. On February 20, 1985, plaintiff filed a discrimination complaint with the IRS pursuant to 29 C.F.R. § 1613.214. A letter from the IRS dated April 11, 1985, acknowledged receipt of plaintiff's discrimination complaint as timely. However, on July 10, 1985, the IRS cancelled plaintiff's complaint pursuant to 29 C.F.R. § 1613.405(b) which provides for cancellation of "mixed" complaints. Plaintiff appealed this IRS action to the EEOC on August 28, 1985. On April 17, 1987, after an unfortunate 20 month delay, the EEOC dismissed plaintiff's appeal citing 29 C.F.R. § 1613.405(c) which provides that there are no appeals from agency cancellation of complaints.

On February 12, 1986, while his appeal of the cancellation of his discrimination complaint by the IRS was on appeal with the EEOC, plaintiff filed several documents with the MSPB: petition for review, motion for waiver of time limits and a request for an extension of time to file a petition for review. In his petition for review plaintiff asked the MSPB to remand the race claim to the IRS pursuant to 29 C.F.R. § 1613.405(d) which provides that MSPB may remand allegations of discrimination to an agency. On July 24, 1987, some 17 months later, the MSPB issued its decision dismissing the petition for review because plaintiff did not show good cause to waive the filing time limit and it declined to remand the race claim to the IRS.

Two months before this decision plaintiff had instituted suit in this court (May 20, 1987), in the nature of an action in mandamus (28 U.S.C. § 1361). Plaintiff asserts that he has no adequate remedy at law and that defendant federal officers should be compelled:

... to discharge ministerial duties and responsibilities which they are bound to perform under § 717 of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e–16; the Civil Service Reform Act of 1978, P.L. 95–454, 92 Stat. 1111 (1978); and applicable implementing regulations of each statute as set forth in 29 C.F.R. §§ 1613.201, *et seq.* and 5 C.F.R. §§ 1200.1, *et seq.*

Plaintiff's complaint, para. 1. Plaintiff also requests any other relief which the court deems necessary and appropriate.

Defendants Levinson, Johnson and Devanney are sued in their official capacities as members of the MSPB. In their motion to dismiss they assert that plaintiff's mandamus action to compel the MSPB to act (Count I) is moot since the MSPB's decision was issued July 24, 1987. Additionally, they aver there is no merit in plaintiff's desire to remand the race discrimination claim to the IRS since the MSPB has no duty to remand and because plaintiff should first appeal the MSPB decision not to remand to the United States Court of Appeals for the Federal Circuit ("Federal Circuit").

Defendant EEOC, in its motion to dismiss, argues that Title VII does not give the plaintiff a right to bring suit against the EEOC.

Defendant IRS avers that this court lacks subject matter jurisdiction, plaintiff's complaint fails to state a claim upon which relief may be granted, mandamus is inappropriate, and that the MSPB decision issued July 24, 1987, was an exercise of discretionary powers and there has been no abuse of that discretion.

DISCUSSION

In reviewing defendants' motions to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true all well-pleaded allegations of the complaint, construing them in a light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Two conditions must be shown in order to grant plaintiff mandamus relief: "(1) that the petitioner has no other adequate means to attain the desired relief,

and (2) that he has shown a clear and indisputable right to the relief sought." *DeMasi v. Weiss*, 669 F.2d 114, 117 (3d Cir.1982) (*citing Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976)). Mandamus is an extraordinary writ to be used only in extraordinary circumstances. *Allied Chemical Corp. v. Diaflon, Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

In order to address the merits of the procedural abyss into which plaintiff's claims have either fallen or been dispatched, the court must examine when each of the agencies has jurisdiction with respect to the types of claims at issue.

Within 30 days of the agency action (IRS action here) about which plaintiff complains, plaintiff must consult an EEO counselor. 29 C.F.R. § 1613.214(a)(1)(i). Thereafter, if appropriate, the EEO counselor gives plaintiff a notice to file a formal written complaint and plaintiff then has 15 days to do so. 29 C.F.R. § 1613.214(a)(1)(ii). The notice indicates the appropriate person/agency to sue.

Pursuant to the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111, the MSPB has exclusive jurisdiction to consider procedural violations (*i.e.*, those under federal civil service laws) alleged by a claimant. The MSPB also has concurrent jurisdiction with the EEOC over all claims which raise a procedural violation of civil service matter in conjunction with an allegation of discrimination ("mixed cases"). The EEOC has exclusive jurisdiction over EEOC cases in which *only* discrimination issues were raised as well as those cases where there are no appeal rights to the MSPB. EEOC review of MSPB decisions is limited to the discrimination portion of the employee's case. Therefore, the allegations in the complaint and the manner in which the employee chooses to pursue his/her remedies are determinative as to which agency has jurisdiction. *See* C. Richey, Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts (Federal Judicial Center rev. ed. 1986); Harden, *Mixed Cases: Untangling the Procedural Web*, 29 How.L.J. 371 (1986).

■ There is no dispute that on October 10, 1984, plaintiff filed an appeal with the MSPB alleging both the procedural and race issues ("mixed case"). Since plaintiff asserted a procedural basis, the MSPB was the only agency with jurisdiction. Pursuant to 29 C.F.R. § 1613.403 an employee may initially file a mixed case complaint [2] with an agency (*i.e.*, IRS) or a mixed case appeal [3] directly with the MSPB, by the guidelines established in 5 C.F.R. § 1201. However, an employee *may not do both.* Here, plaintiff elected to file a mixed case appeal with the MSPB and thus could not later file such an appeal with the IRS.

The MSPB decision of January 18, 1985, became final on February 22, 1985. The Notice stated that it would become final "unless a petition for review is filed with the [MSPB] or the [MSPB] reopens the case on its own motion." *See* MSPB decision attached as Exhibit A to plaintiff's complaint. The MSPB decision also notified plaintiff of his right under 5 U.S.C.

2. A mixed case complaint is defined in 29 C.F.R. § 1613.402(a):

(a) Mixed Case Complaint. A mixed case complaint is: (1) A complaint of employment discrimination filed with a federal agency, based on race, color, religion, sex, national origin, handicap, age, and/or reprisal, related to, or stemming from an action taken by an agency against the complainant, which action may be appealed to the MSPB, pursuant to any law, rule or regulation; or (2) a complaint of sex-based wage discrimination, filed with the Commission, related to or stemming from an action taken by an agency against a complainant, which action may be appealed to the MSPB, pursuant to any law, rule or regulation. The complaint may contain only an allegation of employment discrimination or it may contain additional allegations which the MSPB has jurisdiction to address.

3. A mixed case appeal is defined in 29 C.F.R. § 1613.402(b):

(b) Mixed Case Appeals. A mixed case appeal is an appeal filed with the MSPB, which jurisdiction to entertain, and which alleges that the agency action which forms the basis for the appeal was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, age and/or reprisal, or alleges that such appealable action resulted in sex-based wage discrimination.

§ 7703 to seek judicial review in the Federal Circuit, if the court has jurisdiction. Such a petition for judicial review must be received by the court within 30 days of plaintiff's receipt of the MSPB's final decision. *Id.*

The decision of the MSPB became a final decision here since plaintiff did not seek judicial review. Plaintiff, instead, filed a new discrimination complaint with the IRS on February 20, 1985. *See* Exhibit B to plaintiff's complaint. On April 11, 1985, the IRS sent a letter to plaintiff acknowledging receipt of this complaint alleging discrimination, as timely and identifying the issue to be investigated as follows: "Whether you were discriminated against on the basis of race (Black) when you were terminated on September 21, 1984." *See* Exhibit C to plaintiff's complaint. By letter dated July 10, 1985, the IRS cancelled plaintiff's complaint which it has the right to do under certain circumstances. *See* Exhibit D to plaintiff's complaint. The IRS relied on the EEOC regulations at 29 C.F.R. § 1613.405(b). That regulation provides as follows:

> (b) *Cancellation.* Whenever the agency learns that a mixed case complaint, which has been filed with and accepted by the agency, contains issues which also form the basis of an appeal which has been filed with the MSPB, the agency shall determine which was filed first (*i.e.,* the mixed case complaint or the appeal).

> *If the appeal to the MSPB was filed first, the agency shall cancel (in writing) that portion of the mixed case complaint related to the action appealed to the MSPB* and advise the complainant, as part of the decision which cancels the complaint (in whole or in part), that (s)he must bring the allegations of discrimination to the attention of the MSPB, pursuant to 5 C.F.R. § 1201.155. (Emphasis added)

29 C.F.R. § 1613.405(b). Since plaintiff's mixed case *appeal* to MSPB,[4] involving the same race claim that was the basis of his mixed case *complaint* filed with the IRS, was filed first, the IRS properly cancelled plaintiff's mixed case complaint.[5] Subsection (c) of § 1613.405 provides that cancellation under subsection (b) is not appealable to the EEOC except where subsection (b) was misapplied to a non-mixed case. No misapplication occurred here. The EEOC dismissal on April 17, 1987, of plaintiff's appeal of the IRS cancellation of his complaint was therefore correct.[6] *See* EEOC Dismissal of Appeal attached as Exhibit E to plaintiff's complaint.

The only remaining MSPB issues to be discussed are plaintiff's petition for review (*see* Exhibit F to plaintiff's complaint), motion for waiver of time limits (*see* Exhibit G to plaintiff's complaint), and request for extension of time to file a petition for review (*id.*), all filed with the MSPB on February 12, 1986, almost one year after

---

**4.** One of the bases of plaintiff's argument in support of his complaint is that because no evidence was presented to the MSPB hearing officer with regard to the race issue, then plaintiff's complaint before the MSPB was improperly characterized as a "mixed case appeal." Assuming *arguendo* that there is no discrimination issue present in the MSPB decision, then the Federal Circuit is the appropriate place to appeal and not the district court. 5 U.S.C. §§ 7702, 7703(b)(1). The district court has jurisdiction of appeals from MSPB decisions when that decision involves discrimination. 5 U.S.C. § 7703(b)(2); *Hill v. Dept. of the Air Force,* 796 F.2d 1469 (Fed.Cir.1986). Plaintiff did not appeal the MSPB final decision of February 22, 1985 or the July 24, 1987 decision.

**5.** Plaintiff contends that the complaint he filed with the IRS was not a mixed case complaint because racial discrimination is the *only* basis of the action. This argument fails. Plaintiff's

complaint falls within the definitional purview of 29 C.F.R. § 1613.402(a)(1). Footnote 2, *supra.*

**6.** The EEOC argument that plaintiff cannot sue defendant EEOC is misplaced for the simple reason that attached to the EEOC April 17, 1987 decision is a notice of right to file a civil action in the appropriate United States District Court within 30 days from the date the decision is received. 5 U.S.C. § 7703(b)(2). Plaintiff filed this suit on May 20, 1987. Allowing plaintiff 3 days for mail brings him within the 30 day limit and therefore EEOC is a proper party. For the reasons stated by the court, a mandamus action against the EEOC is unsupported. However, even if the court allowed the action against the EEOC pursuant to 42 U.S.C. § 2000e–16(c) on the merits, it would be dismissed because the EEOC action of applying 29 C.F.R. § 1613.405(c) was non-discretionary. Also, this action against the IRS was not filed within 90

the final decision of the MSPB. On July 24, 1987, some 2 months after plaintiff's complaint in this court was filed, the MSPB issued its decision dismissing the petition for review as untimely and declining to remand the discrimination issue to the IRS. The MSPB has discretionary authority to reopen and reconsider its decisions. 5 C.F.R. § 1201.117. Count I is thereby rendered moot by reason of the MSPB decision and plaintiff's inability to show abuse of discretion. *Borough of Morrisville v. Delaware River Basin*, 382 F.Supp. 543 (E.D. Pa.1974).

## CONCLUSION

The court finds that the facts stated in plaintiff's complaint, when applied to the regulations, show that the extraordinary action in mandamus is unwarranted. Accordingly, plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

days of the July 10, 1985 decision as required by 42 U.S.C. § 2000e–5(f)(1).