#### Morris GOLLIS

v.

#### H. Lawrence GARRETT, III, Secretary, Department of the Navy.

#### Civ. A. No. 91–7789.

United States District Court,
E.D. Pennsylvania.

April 27, 1993.

("Navy"), seeks to recover back pay between the period of September 3, 1990 and October 9, 1990. Presently before this Court is a defense motion to dismiss under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[2]

On September 3, 1990 the Navy removed plaintiff from his position as a result of a non-occupational disabling back condition. Plaintiff thereafter timely appealed to the Merit Systems Protection Board ("MSPB") alleging, in part, that he was discriminated against on the basis of his physical handicap. The administrative law judge found no handicap discrimination. Nevertheless, he restored plaintiff to his position effective October 9, 1990 because he sufficiently demonstrated that he could perform the duties of a machinist and because his removal was not "for such cause as will promote the efficiency of the service." Both the plaintiff and the Navy then timely filed cross-petitions for review with the full MSPB.

On June 5, 1991, the MSPB refused to hear the Petitions for Review. However, its Final Decision, which did not address the merits of plaintiff's discrimination claim, ordered the Navy to cancel plaintiff's removal retroactively, effective September 3, 1990. The MSPB also ordered the Navy to issue a check for the appropriate amount of back pay, interest on back pay, and other benefits no later than 60 days from the date of the Final Decision. Finally, it directed the Navy to notify plaintiff, in writing, of all actions taken to comply fully with the MSPB Order and to advise him when it believed it had fully complied with the Order.

By a letter dated July 18, 1991, the Navy notified the plaintiff that it intended to restore him effective September 3, 1990. The Navy, however, determined that the plaintiff was only eligible to receive back pay from October 9, 1990, the date the Navy determined he was ready, willing and able to

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

Linda L. Shafer, U.S. Dept. of Justice, Philadelphia, PA, for defendant.

## MEMORANDUM

BARTLE, District Judge.

This is a civil action based on allegations of handicap discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] Plaintiff, Morris Gollis ("Gollis"), a civilian machinist with the Department of the Navy

---

1. 42 U.S.C. § 2000e *et seq.* Although not expressly detailed in the plaintiff's complaint, it appears that plaintiff is alleging handicap discrimination in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* Section 794a of this Act provides that handicap discrimination suits are

to be filed pursuant to 42 U.S.C. section 2000e–16(c) ("Title VII").

2. Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

work.[3] Although it is not totally clear from the record, it appears that plaintiff has received the appropriate amount of back pay for the period from October 9, 1990 onward. This action involves back pay only for the one month period in dispute.

On July 5, 1991, almost two weeks *before* plaintiff received the Navy's letter indicating compliance with the MSPB's Order, plaintiff timely filed a Petition for Review with the Equal Employment Opportunity Commission ("EEOC"). On November 18, 1991, the EEOC denied consideration of the Petition for Review as moot. It reasoned that it could provide no further relief because the Final Decision of the full MSPB had restored plaintiff to his position effective September 3, 1990 and thus made him "whole." The EEOC stated in a footnote that if plaintiff alleged that the Navy was not fully complying with MSPB's Order, plaintiff should bring a Petition for Enforcement before the MSPB.

Plaintiff did not seek enforcement by the MSPB but, rather, filed this complaint requesting a *de novo* review of his discrimination based claims. The complaint alleges that the Navy discriminated against plaintiff on the basis of physical handicap when he was terminated and that, therefore, he is entitled to retroactive restoration, *including* back pay from September 3, 1990.

Plaintiff alleges that this Court has jurisdiction to hear his discrimination based claims pursuant to 5 U.S.C. § 7703.[4] The Navy, however, has moved to dismiss for lack of subject matter jurisdiction under Rule 12(h)(3) on the grounds that: (1) plaintiff's claim of handicap discrimination is moot; and (2) that jurisdiction for the remedy the plaintiff seeks, that is, compliance with the MSPB's order, lies with either the MSPB or the Federal Circuit.

The proper basis for an appeal from an adverse MSPB decision depends on whether the employee raises allegations of unlawful discrimination in his or her initial MSPB appeal. If a federal employee does not allege that the employment action was a result of unlawful discrimination, he or she may seek review of the MSPB's final decision only before the United States Court of Appeals for the Federal Circuit, which would review the decision using an abuse of discretion standard. *See* 5 U.S.C. § 7703(b)(1).

█ On the other hand, if the employee alleges that the employment action was motivated by discrimination, including handicap

---

**3.** The relevant portion of this letter is as follows: While reference (a) [MSPB Final Decision] restored you to duty effective 3 September 1990, reference (b) [MSPB Initial Decision] provides for your restoration to duty effective 9 October 1990, the date your physician indicated you were available for the full duties of your position. Therefore, you will be carried in a leave without pay status for the period 4 September through 8 October 1990 unless you request sick or annual leave for this period. You may request such leave by submitting a leave slip for same to your Shop Head.
(Letter from Department of Navy to Morris Gollis, dated July 18, 1991).

**4.** 5 U.S.C. § 7703 provides in pertinent part as follows:

**§ 7703. Judicial review of decisions of the Merit Systems Protection Board**

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

.    .    .    .    .

(b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

(b)(2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case file under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.

(c) ... [E]xcept that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to a trial *de novo* by the reviewing court.

discrimination, he or she may seek a *de novo* judicial review of the merits of the MSPB appeal before the appropriate federal district court. *See* 5 U.S.C. § 7703(b)(2). The employee can seek review of both the discrimination claim and other aspects of the MSPB decision not involving discrimination. This is known as a "mixed case." *See Kean v. Stone*, 926 F.2d 276 (3d Cir.1991). Jurisdiction then lies with the district court since the Court of Appeals for the Federal Circuit and a local district court may not exercise concurrent jurisdiction over different aspects of the case. *See Williams v. Department of Army*, 715 F.2d 1485 (Fed.Cir.1983) (*en banc*).

In addition, before filing suit in the district court on a discrimination claim raised in a MSPB appeal, the employee may first petition the EEOC to review the MSPB's decision regarding the discrimination aspects of the employee's complaint and wait to file suit until after the EEOC's final decision. *See* 5 U.S.C. § 7702(b); 29 C.F.R. § 1613.421. If the EEOC declines to consider the decision of the MSPB, the employee may file suit following receipt of the EEOC's final decision. *See* 29 C.F.R. § 1613.421(c).

■ Applying the law to the facts in this case, it is clear that the plaintiff can seek a *de novo* review of his discrimination based claims before this Court.[5] The EEOC's refusal to hear the plaintiff's discrimination based claim constitutes a judicially reviewable action by this Court. The plaintiff timely filed his complaint. Consequently, the defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

■ Although this Court has concluded that it does have jurisdiction to hear plaintiff's complaint it does not deem it appropriate to exercise that jurisdiction at this juncture. At least one court, considering a like situation, has concluded that a failure to file a Petition for Enforcement with the MSPB is a "failure to exhaust administrative remedies," constituting a basis for granting summary judgment. *See Givens v. Secretary of the Treasury*, 1991 WL 125294 (D.Del., July 3, 1991).

In *Givens*, the plaintiff, Samuel Givens, filed a racial discrimination action under Title VII. The action began with the plaintiff's termination from the IRS in July, 1982. Givens challenged his termination before the MSPB. The MSPB found that the IRS had not supported its charges by a preponderance of the evidence. The Board also rejected Givens' claim of racial discrimination. As a result, in July, 1983 the MSPB ordered his reinstatement.

The IRS did reinstate Givens to his position in Philadelphia, PA but several months later transferred him to Wilmington, DE. Givens alleged that the transfer was made in reprisal of his successful challenge of his 1982 dismissal and that the IRS violated the MSPB's Order when it transferred him to Wilmington. The Secretary of the Treasury ("Secretary") moved for summary judgment on the grounds that the plaintiff's case was moot for lack of damages and because the plaintiff failed to exhaust his administrative remedies by seeking enforcement of the MSPB Order.

The *Givens* court granted the Secretary's motion for summary judgment on two grounds. First, plaintiff failed to show compensable damages. *Givens*, 1991 WL 125294 at *3. Second, the court reasoned that the plaintiff had failed to exhaust his administrative remedies by seeking enforcement of the MSPB's Order. *Id.* The court reasoned that:

> [f]or some reason, plaintiff never filed a petition for enforcement of that [reinstatement] order with the MSPB. *See* 5 C.F.R. § 1201.181, 1201.182 (1984). Thus, the MSPB never had an opportunity to enforce compliance or to explain its order in light of plaintiff's charges. *Given the nature of plaintiff's claims here, it makes no sense for this Court to review and interpret the MSPB order without prior MSPB review.*

*Id.* (emphasis added). As a result, the court granted the summary judgment motion of the Secretary.

---

5. This Court has not been asked to consider the merits of the MSPB's Final Decision, but rather only to rule on the plaintiff's discrimination claim. Consequently, this is technically not a "mixed case."

Although this Court does not believe that Gollis' failure to seek enforcement with the MSPB Order constitutes a failure to exhaust administrative remedies requiring dismissal, some of the reasoning underlying the *Givens* decision is instructive.

Merely because this Court exercises subject matter jurisdiction over this action does not require that it proceed immediately to the merits of the plaintiff's complaint. Plaintiff correctly asserts that he had to perfect timely his discrimination lawsuit. Otherwise, he would have waived any claims relating to allegations of discrimination under Title VII (Plaintiff's Response to Defendant's Motion to Dismiss, at 3). Thus, even though jurisdiction is proper, judicial economy persuades this Court that it is proper to stay this action while giving the plaintiff an opportunity to pursue an enforcement action with the MSPB. *See* 5 C.F.R. § 1201.182.

Several reasons justify this conclusion. The gravamen of plaintiff's discrimination complaint is that he is entitled to back pay from September 3, 1990 onward and not from October 9, 1990 as the Navy asserts. The MSPB's Initial Decision provided for restoration effective October 9, 1990 whereas the MSPB's final decision provided for restoration effective September 3, 1990. The EEOC denied consideration of plaintiff's discrimination claim because it interpreted the Final MSPB Order as providing the plaintiff full relief, that is, back pay and restoration from September 3, 1990 onward.

If the MSPB hears plaintiff's Petition for Enforcement and orders the Navy to pay the plaintiff from September 3, 1990 onward then plaintiff's discrimination claim presently before this Court *would* be moot. The MSPB does have the authority to order agencies to award back pay in conjunction with the reversal of personal actions. *See Spezzaferro v. Federal Aviation Administration,* 24 M.S.P.R. 25 (1984). Further, although the 30 day limitation for filing a Petition for Enforcement has expired, such a petition will be heard out of time when good cause is shown. This Court is convinced that good cause can be shown here. *See* 5 C.F.R. § 1201.182(a). *See generally Hawkins v. United States Postal Service,* 1993 WL 88686

(M.S.P.B., March 24, 1993). The MSPB should have the first opportunity to interpret and enforce its own Final Order. Moreover, plaintiff timely appealed to the EEOC and then timely filed for review of that decision with this Court. The delay appears to be justified by the plaintiff's seeking other avenues of administrative and judicial review.

On the other hand, if the MSPB denies the Petition for Enforcement as untimely *or* reaches the merits of the petition and finds that the plaintiff is not entitled to back pay from September 3, 1990 onward, this Court, on notice, will simply vacate the stay and proceed to the merits of plaintiff's complaint. Nothing will be lost by giving the MSPB an opportunity to hear a Petition for Enforcement first.

Before undertaking a *de novo* review of plaintiff's discrimination claim, it makes sense to permit the MSPB to interpret its Final Order. *See Givens,* 1991 WL 125294 at *3. Consequently, defendant's motion to dismiss is denied, but the action will be stayed pending the MSPB's determination of the plaintiff's Petition for Enforcement.

### ORDER

AND NOW, this 27th day of April, 1993, for the reasons set forth in the foregoing Memorandum, the motion of defendant to dismiss for lack of subject matter jurisdiction is DENIED. In the interest of judicial economy, however, this action is to be STAYED and placed in civil suspense pending plaintiff's pursuit of administrative enforcement with the Merit Systems Protection Board.