Robert N. COHEN, Plaintiff,

v.

Richard G. AUSTIN, Administrator General Services Administration, Defendant.

Civ. A. No. 92–5623.

United States District Court,
E.D. Pennsylvania.

Sept. 13, 1993.

[redacted]

[redacted]

[redacted]

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

David R. Hoffman and Lois W. Davis, U.S. Attorney's Office, Philadelphia, PA, for defendant.

## *MEMORANDUM AND ORDER*

JOYNER, District Judge.

Presently before the Court is the summary judgment motion of defendant Richard G. Austin, Administrator of the General Service Administration ("GSA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter stems from plaintiff's claims which arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that GSA discriminated against him based on his religion and reprisal for engaging in protected activity by removing him from his position with GSA as a contract specialist on July 7, 1989 and denying his within-grade increase on December 15, 1988.

In the motion for summary judgment, defendant alleges that this Court does not have jurisdiction to decide this case because plaintiff did not meet the minimum *prima facie* standards for alleging discrimination at the administrative level, and as such, plaintiff's claims of discrimination are frivolous. Defendant further asserts that the proper place for appealing such claims is with the Federal Circuit Court of Appeals, pursuant to 5 U.S.C. § 7703(b)(1). Finally, defendant asserts that he is entitled to summary judgment because this Court cannot transfer this case to the Federal Circuit since plaintiff failed to file this civil action in a timely manner. However, for the reasons discussed more fully below, we find that defendant is not entitled to summary judgment.

### *Standard*

[redacted] In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc., v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3rd Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

### *Facts*

On December 15, 1988, plaintiff, a former GS–12 contract specialist with GSA, was denied a within-grade increase on the ground that he failed to achieve an acceptable level of competence in his position. Plaintiff requested reconsideration of the denial of the within-grade increase, but this request was denied by GSA on February 7, 1989.

Plaintiff then appealed to the Merit Systems Protection Board ("MSPB"). In plaintiff's petition for appeal, plaintiff stated "RELIGIOUS DISCRIMINATION. See also

answer to paragraph 21"[1] in response to the following question "If you believe you were discriminated against by the agency [GSA] because of either your race, color, religion, sex, national origin, marital status, political affiliation, handicapping condition, or age, indicate so and explain why you believe it to be true. You must indicate, by examples, how you were discriminated against."[2] In accordance with GSA appeal procedures, an administrative judge (or Presiding Officer) was assigned to decide the appeal. Nine administrative hearings were held between May 15, 1989 and June 15, 1989. After the final hearing, however, the administrative judge left the MSPB without rendering a decision in order to accept a position as an administrative judge with the Social Security Administration. Plaintiff's appeal was dismissed without prejudice on July 24, 1989, with permission to refile the appeal within twenty days.

In the interim, plaintiff was removed from his position on July 7, 1989, after GSA previously gave notice to plaintiff that it was considering such action because of plaintiff's unacceptable performance on the job. Plaintiff filed a petition for appeal from the removal action on July 24, 1989.[3] He also refiled his appeal concerning the within-grade denial on August 10, 1989. Both appeals were then joined and the matter was assigned to another administrative judge.

Administrative Judge Sandra J. Squire thereafter issued an Initial Decision on June 1, 1990 which consisted of 108 pages. The Decision upheld GSA's actions regarding the denial of the within-grade increase and the removal of plaintiff from his position. Fur-

ther, Judge Squire found that plaintiff had failed to make out a *prima facie* case of religious discrimination.[4] Judge Squire also found that plaintiff did not establish his defense of reprisal, however, she analyzed his claim under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), instead of under Title VII.

Plaintiff thereafter appealed this decision to the MSPB. On May 28, 1991, the MSPB upheld GSA's actions. *See Cohen v. General Services Admin.*, 48 M.S.P.R. 451 (1991). Regarding the discrimination and reprisal claims, the MSPB agreed with Judge Squire's credibility determinations and fact findings and refused to review the issues further. *Id.* at 459–60. Additionally, the MSPB found that Judge Squire had erred in denying defendant's motion to exclude any evidence of discrimination pertaining to plaintiff's claims. (GSA had previously brought this motion on the basis that plaintiff failed to provide examples of religious discrimination in his petition for appeal). The MSPB based its decision on the fact that plaintiff failed to provide examples of discrimination as required by the petition for appeal form itself and 5 C.F.R. § 1201.153(a) (1989). *Id.* at 461. However, the MSPB noted that the error was harmless because Judge Squire correctly concluded that plaintiff failed to establish his affirmative defenses of discrimination and reprisal. The MSPB then remanded the case back to Judge Squire for further credibility determinations on other issues unrelated to the discrimination claim.

On April 6, 1992, the MSPB issued a second opinion after the full board heard plain-

---

1. In response to question 21 which asked "Why do you think the agency was wrong in taking this action? (Explain briefly)" plaintiff stated the following: "(a) Agency action not supported by appropriate evidentiary standard (b) Efficiency of the service not promoted (c) Penalty arbitrary, capricious, unreasonable and not in accordance with law. (d) Agency committed harmful procedural errors. (e) Agency engaged in prohibited personnel practices."

2. Although it was not stated in the petition for appeal, plaintiff's religion is Jewish.

3. In response to the following question in the petition for appeal "If you believe you were dis-

criminated against by the agency [GSA] because of either your race, color, religion, sex, national origin, marital status, political affiliation, handicapping condition, or age, indicate so and explain why you believe it to be true. You must indicate, by examples, how you were discriminated against" plaintiff stated "Discrimination on the basis of religion and also reprisal for engaging in prior protected activities."

4. It is important to note for later discussion that Judge Squire devoted six pages of the opinion to discuss the evidence of religious discrimination presented by plaintiff. Initial Decision, pages 96–102.

tiff's second appeal. *See Cohen v. General Services Admin.*, 53 M.S.P.R. 492 (1992). The MSPB once again affirmed Judge Squire's decision upholding GSA's actions. The MSPB again declined to reconsider its decision regarding the discrimination and reprisal issues, however.

Thereafter, on May 11, 1992, plaintiff appealed to the Equal Employment Opportunity Commission ("E.E.O.C.") pursuant to 5 U.S.C. § 7702(b)(1). After reviewing plaintiff's evidence of alleged discrimination and reprisal, the E.E.O.C. concluded that plaintiff failed to prove by a preponderance of the evidence that GSA's actions were the result of religious or reprisal discrimination.[5] The E.E.O.C. then noted that its decision was final, and that plaintiff had thirty days from the date of receipt of its decision in which to file a civil action in the appropriate U.S. District Court.[6] Plaintiff filed suit in this Court on September 25, 1992.

### Discussion

At issue in this case is whether this Court has jurisdiction to hear plaintiff's claims, or alternatively, whether jurisdiction lies with the Federal Circuit Court of Appeals. Section 7703(b)(1) of Title 5 of the United States Code provides in pertinent part: "Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1) (1980 & Supp.1993). Paragraph 2 governs allegations of discrimination raised pursuant to "section 717 of the Civil Rights Act of 1964." 5 U.S.C. § 7703(b)(2) (1980). Pursuant to section 7703(c), if a claim of discrimination is raised, then *de novo* review is proper in a federal district court. 5 U.S.C. § 7703(c)(3) (1980 & Supp.1993); *Kean v. Stone*, 926 F.2d 276, 281–83 (3rd Cir.1991); *Gollis v. Garrett*, 819 F.Supp. 446, 448–49 (E.D.Pa.1993). Alternatively, if there is no allegation that the employer's action was the result of unlawful discrimination, then review

is proper in the Federal Circuit. *Gollis*, 819 F.Supp. at 448.

Additionally, when a "mixed case" is appealed (cases "which raise a procedural violation of civil service matter in conjunction with an allegation of discrimination"), *James v. Levinson*, 680 F.Supp. 187, 190 (E.D.Pa. 1988), it is within the jurisdiction of the district court, and not the Federal Circuit. *Kean*, 926 F.2d at 284; *Gollis v. Garrett*, 819 F.Supp. at 449. Further, an employee has the right to seek review of the MSPB's decision with the E.E.O.C., prior to filing suit in the district court. 5 U.S.C. § 7702(b)(1)–(5) (1980); 29 C.F.R. § 1613.421. The E.E.O.C. can review only the discrimination portion of the MSPB's decision. *James*, 680 F.Supp. at 190. The employee can then "wait to file suit [in district court] until after the E.E.O.C.'s final decision." *Gollis*, 819 F.Supp. at 449 (citing 5 U.S.C. § 7702(b); 29 C.F.R. 1613.-421).

In defendant's motion, he asserts several disjointed theories to support his argument that jurisdiction is not proper before this Court, and that jurisdiction lies in the Federal Circuit. First, defendant states that plaintiff failed to properly plead his discrimination claim on the MSPB's petition for appeal form. Defendant contends that because of plaintiff's failure, the MSPB never considered the merits of plaintiff's discrimination claim. Defendant bolsters this argument by citing the fact that the MSPB held Judge Squire in error for refusing to grant defendant's motion to exclude any evidence of discrimination. In essence, defendant contends that the only decision the MSPB made regarding plaintiff's discrimination claim was a decision not to disturb the administrative judge's findings. Since Judge Squire held that plaintiff failed to establish a *prima facie* case of discrimination, the review by MSPB was not on the merits of the case. For this reason, defendant asserts that this is not a mixed case, and therefore jurisdiction is proper in the Federal Circuit.

---

5. In discussing the reprisal issue, the E.E.O.C. noted that the Administrative Judge did not specifically address this allegation.

6. The E.E.O.C.'s Decision was dated August 26, 1993.

Second, defendant asserts that jurisdiction is not proper because this is a case involving frivolous allegations of discrimination and reprisal. Defendant contends that plaintiff's allegations are frivolous because plaintiff failed to properly plead any facts to support his allegations of discrimination and reprisal, and thus, failed to prove he had a *prima facie* case. Defendant relies on *Hill v. Department of the Air Force*, 796 F.2d 1469, 1471 (Fed.Cir.1986) for the proposition that a frivolous allegation of discrimination does not create a mixed case, and that jurisdiction is therefore proper in the Federal Circuit.

Under the law, if defendant's assertions were correct, it would be plausible that the Federal Circuit has jurisdiction over this matter rather than this Court. However, defendant almost completely ignores the fact that in this case, the E.E.O.C. has already considered the merits of plaintiff's discrimination and reprisal claims and has issued a decision concerning those claims. Defendant's efforts to mold this matter into a "procedural or threshold" matter, one that is completely separate from the merits of a discrimination case and therefore subject to review in the Federal Circuit, (*see Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1247 (Fed.Cir.1984)) only serve to annoy this Court by attempting to create a situation out of the facts that in reality does not exist.

It is clear that this Court has jurisdiction in this matter. First, this is not a case where plaintiff is directly appealing a decision rendered by the MSPB. Plaintiff properly filed an appeal of the MSPB's decision with the E.E.O.C. pursuant to 5 U.S.C. § 7702 (1980) and 29 C.F.R. § 1613.421. As noted above, the E.E.O.C. has already considered plaintiff's discrimination and reprisal claims, and has rendered an opinion regarding those claims. Pursuant to section 7702(b) of the United States Code and 29 C.F.R. 1613.421, a party has the right to file a complaint in federal district court after notice that the E.E.O.C. has concurred with MSPB's decision. *Gollis v. Garrett*, 819

F.Supp. 446, 449 (E.D.Pa.1993). Thus, plaintiff is now entitled to *de novo* review of his discrimination and reprisal claims in district court.[7]

Second, defendant's reliance on *Hill v. Department of the Air Force*, 796 F.2d 1469 (Fed.Cir.1986) is misplaced. In *Hill*, the MSPB sustained the Department's decision to remove Hill from his job. Hill sought to transfer the appeal from the Federal Circuit Court of Appeals to district court, alleging that this case constituted a mixed case of discrimination. The Federal Circuit Court of Appeals denied the transfer, holding that there was no mixed case because Hill's claims of age discrimination were frivolous. In defining what the term "frivolous" meant, the court stated that a non-frivolous allegation was equivalent to the *potential* for a *prima facie* case if the facts as alleged were proven. *Id.* at 1472. Thus, "[a]t the allegation or pleading stage the employee need not prove a *prima facie* case of prohibited discrimination. That burden arises at the hearing." *Id.* The court reasoned that in this case, the MSPB properly dismissed Hill's discrimination claim as frivolous because he failed to state the basis for his claim despite several requests by the MSPB's presiding official and the MSPB itself to do so. *Id.* at 1471. Thus, the court concluded that Hill "alleged no set of facts which, if proven, would comprise even a minimum *prima facie* case of age discrimination." *Id.*

We note that *Hill* is not binding on this Court, as it is a Federal Circuit decision. Even so, the fact patterns in the two cases are dissimilar. Unlike *Hill*, this case does not involve an appeal by a decision from the MSPB, rather, this case involves an appeal from a decision by the E.E.O.C. Further, there was no request in this case by either the MSPB's presiding official (Judge Squire) or the MSPB itself for plaintiff to present the basis for his discrimination and reprisal claims. While plaintiff in this case did not fully explain the basis of these claims in the petition for appeal form, he still presented evidence of those claims to Judge Squire,

7. We note that since plaintiff is only seeking review of the discrimination and reprisal claims in this case, and not the merits of the MSPB's

decision, then technically this is not a mixed case. We still, however, have jurisdiction over this case.

who considered the evidence in determining that plaintiff failed to prove a *prima facie* case. The MSPB noted in its decision that Judge Squire erred in considering such evidence, but that the error was harmless because of the ultimate decision made by Judge Squire on the discrimination claims. *Cohen v. General Services Admin.*, 48 M.S.P.R. 451, 459 (1991). Nonetheless, the M.S.P.B. gave no indication that this was a case involving a frivolous claim of discrimination or reprisal, rather, it cited to Judge Squire's credibility determinations and fact findings in affirming her decision that plaintiff failed to establish a prima facie case of discrimination and reprisal. *Id.* at 459 (citing Initial Decision at 96–102). In essence, the MSPB adopted Judge Squire's substantive determinations in deciding that the matter did not warrant full Board review.

That this case is not one involving a frivolous allegation of discrimination or reprisal is further evidenced by caselaw cited in *Hill.* In *Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed.Cir.1983), the Federal Circuit held that it had jurisdiction over Meehan's appeal concerning the removal from his position at the U.S. Postal Service. In this case, Meehan alleged he was improperly removed from his job due to race discrimination. However, in the petition for appeal form, Meehan failed to give reasons for his discrimination claim. The MSPB's presiding official had held that Meehan failed to prove his case because he did not present any evidence to support his claims of discrimination.

The court gave three reasons for holding that it had jurisdiction over Meehan's appeal rather than the district court. First, Meehan failed to properly allege discrimination in the petition for appeal form. Second, Meehan failed to offer any evidence of discrimination at the hearing before the presiding official, thus "it cannot be said that an issue of discrimination was tried by the parties." *Id.* at 1073. Third, Meehan failed to give any indication that he would seek *de novo* review of the racial issues in district court. In a footnote, the court stated:

We note that Meehan did not raise the issue of discrimination in his petition to the board for review of the Presiding Official's decision and that the decision by the MSPB contains no discussion of discrimination. However, in view of the limited grounds for obtaining review of a Presiding Official's initial decision by the board [citations omitted], the issue of discrimination may be preserved even though not presented to the board itself where only an evidentiary basis for challenging the finding of no discrimination exists. It is the Government's position that the decision of the Presiding Official should be deemed incorporated by reference into the final decision. This position affords an employee the greatest rights and conforms to the language of 5 U.S.C. § 7703(c) that in a case of discrimination "the employee or applicant shall have the right to have the facts subject to trial *de novo* by the reviewing court." Thus, we conclude that the failure to raise the discrimination issue in the petition for review does not, *ipso facto*, constitute a waiver and an alternative basis for holding that this court has jurisdiction.

*Meehan,* 718 F.2d at 1074 n. 6.

■ It is clear from *Meehan* that the instant case is not one that should be deprived of *de novo* review by this Court. While plaintiff may have failed to give reasons for his discrimination and reprisal claims in the petition for appeal, he submitted evidence of discrimination and reprisal before Judge Squire, and he clearly indicated he was seeking *de novo* review by this Court. This is not a situation where plaintiff simply alleged discrimination and reprisal without any further attempt to prove those claims in order to gain jurisdiction by this Court. Plaintiff clearly made efforts to prove his case, however, the administrative judge, MSPB and E.E.O.C. all concluded the evidence simply was not strong enough to prove a case of discrimination or reprisal. *See also Edwards v. Weinberger,* 688 F.Supp. 203, 206–07 (E.D.Va.1987) (district court did not have jurisdiction over plaintiff's appeal where petition for appeal form alleged discrimination, but plaintiff presented no evidence of discrimination before administrative law judge or MSPB).

In sum, this is not a case that involves a frivolous allegation of discrimination or reprisal. Both Judge Squire and the E.E.O.C. have considered plaintiff's claims of discrimination and reprisal[8] in this case. As such, plaintiff is entitled to *de novo* review under the law. Further, defendant's argument that this Court cannot transfer the case to the Federal Circuit is moot in light this Court's decision. For these reasons, defendant's motion for summary judgment is DENIED.

---

8. While Judge Squire did not consider plaintiff's reprisal claim under Title VII, the E.E.O.C. has already reviewed the merits of plaintiff's reprisal claim under Title VII. For that reason and for the reasons discussed above, we need not reach defendant's argument that we lack jurisdiction over this claim because it arose under the Whistleblower Protection Act.