**Robert H. COHEN, Plaintiff,**

v.

**Richard G. AUSTIN, Administrator, General Services Administration, Defendant.**

**No. 92–CV–5623.**

United States District Court, E.D. Pennsylvania.

Nov. 22, 1994.

Dennis L. Friedman, Philadelphia, PA, for plaintiff.

David R. Hoffman, James G. Sheehan, Lois W. Davis, U.S. Attorney's Office, Philadelphia, PA, for defendant.

MEMORANDUM AND ORDER

JOYNER, District Judge.

## I. BACKGROUND

Before the Court today is a motion for reconsideration filed by the defendant, Richard G. Austin, Administrator of the General Services Administration (GSA). This case has a rather extensive procedural history, which we set forth in detail in a previous opinion. *Cohen v. Austin,* 833 F.Supp. 512 (E.D.Pa.1993). A brief synopsis of the facts follows. The plaintiff is Richard H. Cohen, a former contract specialist at the GSA who has alleged in his complaint that he was denied a within-grade increase and later fired as the result of religious discrimination and reprisal for engaging in protected activity. Mr. Cohen thereafter appealed both the denial of the within-grade increase and his dismissal to Merit Systems Protection Board (MSPB). The MSPB upheld GSA's actions. *Cohen v. General Servs. Admin.,* 53 M.S.P.R. 492 (1992). On May 11, 1992, Mr. Cohen appealed the discrimination and reprisal issues to the Equal Employment Opportunity Commission (EEOC). The EEOC, like the MSPB, ruled in favor of the defendant.

Mr. Cohen filed suit in this Court on September 25, 1992. As noted in prior orders in this action, this is a "mixed case," one which raises both a procedural violation (a nondiscrimination claim) as well as an allegation of discrimination. *Cohen,* 833 F.Supp. at 515 (quoting *James v. Levinson,* 680 F.Supp. 187, 190 (E.D.Pa.1988)). In a Memorandum and Order entered on August 26, 1994, *Cohen v. Austin,* 861 F.Supp. 340 (E.D.Pa.1994), this Court granted an award of summary judgment in favor of Mr. Cohen with respect to the nondiscrimination claims. Specifically, this Court held that the performance standards by which Mr. Cohen was evaluated were unreasonable, absolute, and not objective. The defendant now argues that this Court made a number of errors of law in reaching its decision. Because we find no merit in the defendant's arguments, we will deny the motion for reconsideration.

## II. DISCUSSION

### A. Motion for Reconsideration Standard

■ The United States Court of Appeals for the Third Circuit has held that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) (citation omitted), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice. *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D.Pa.1992)). In his motion, the defendant proceeds strictly on the theory that this Court's Memorandum and Order of August 26 contained clear errors of law. The defendant offers five arguments in support of his motion, which will be addressed in turn.

### B. The Defendant's Motion

■ First, the defendant contends that this Court applied the wrong standard in reviewing the nondiscrimination claims. In our August 26 Memorandum and Order, we set forth the standard of review as follows: "the decision of the MSPB will be set aside if it is found to be: '1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence.'" *Cohen,* 861 F.Supp. at 342 (quoting 5 U.S.C. § 7703(c) (1980)). Thus, we focused on the decision of the MSPB in rendering our decision. The defendant cites *Shieh v. Lyng,* 710 F.Supp. 1024 (E.D.Pa.1989), *aff'd,* 897 F.2d 523 (3d Cir. 1990), and argues that this Court should have reviewed the actions of the employer-agency, here the GSA, instead of the decision of the MSPB. In *Shieh,* the court noted that review centered on "whether *the agency* made its decision to demote plaintiff arbitrarily, capriciously, [etc.]." *Id.* at 1034 (emphasis added).

In spite of this language, we conclude that the defendant has failed to demonstrate the

presence of a manifest error of law in this Court's August 26 Memorandum and Order. In the first instance, the *Shieh* court itself scrutinized the MSPB's decision in its analysis: "[w]e are convinced that there is substantial evidence to support the decisions of the agency and the MSPB, and that their decisions were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* at 1035. Further, the provision which sets forth the standard of review, and upon which the defendant relies, 5 U.S.C. § 7703, is titled "Judicial review of decisions of the Merit Systems Protection Board." Finally, there is ample precedent to refute the position urged by the defendant. *See Gromo v. Office of Personnel Management,* 944 F.2d 882, 884 (Fed.Cir.1991) ("When reviewing a decision of the MSPB, this court will affirm that decision unless it is found to be ..."); *Burroughs v. Department of the Army,* 918 F.2d 170, 171 (Fed.Cir.1990) ("This court may set aside a decision of the MSPB if it is found to be ..."); *Rogers v. Department of Defense Dependents Schools,* 814 F.2d 1549, 1552 (Fed.Cir.1987); *Murray v. United States Dept. of Justice,* 821 F.Supp. 94, 108 (E.D.N.Y.) ("The MSPB's decision must be affirmed unless the court finds it to be ..."), *aff'd,* 14 F.3d 591 (2d Cir.1993). In view of these considerations, it cannot be said that a manifest error of law was made regarding the standard of review.

The defendant next argues that GSA's actions were reasonable and supported by substantial evidence. This contention must be dismissed summarily. First, the argument is based upon the defendant's contention, rejected above, that a reviewing court should focus on the actions of the employer-agency. Further, the defendant's argument misapprehends the very basis for the court's decision. In our August 26 Memorandum and Order, we ruled in Mr. Cohen's favor on the nondiscrimination claims because the performance standards were unreasonable, absolute, and not objective. Our decision was not based upon the quality of evidence supporting GSA's actions.

■ The defendant's third and fourth contentions must likewise be rejected. The third argument asserts that the Court erred by equating the performance improvement plan with a change in the performance standards. The fourth argument, related to the third, is that GSA was under no obligation to provide Mr. Cohen with a performance improvement plan prior to the denial of a within-in-grade increase. As a result, the defendant argues that it was improper for the Court to base a summary judgment award on the language contained in the performance improvement plan. The first difficulty with this line of argument is that this Court never made a finding equating the revised performance standards in the performance improvement plan to a change in the performance standards. Indeed, as the defendant notes, the performance improvement plan served only to better define the performance standards, and not to alter them. As a result, the Court did not, as the defendant contends in his fourth argument, base its summary judgment award on an inapplicable performance standard. Instead, the Court scrutinized the performance standards and concluded that they were unreasonable, absolute, and not objective. Since the defendant has failed to offer any support for an opposite conclusion, we cannot conclude that he has identified a manifest error of law. Accordingly, these contentions must be rejected.

The defendant's final argument is that the performance standards were objective. This argument is essentially a rehash of the argument rejected by this Court at the summary judgment stage. The defendant does not point to any authority supporting his argument; instead, he badly asserts that the performance standard sets forth the requirements "in an objective fashion." Accordingly, the defendant has failed to identify a manifest error of law. As a result, the defendant's final argument does not compel this Court to reconsider its decision.

## III. *CONCLUSION*

Because the defendant has failed to identify a manifest error of law, his motion for reconsideration must be denied.