Franklin RAY, Appellant,

v.

MacMILLAN BLOEDEL CONTAIN-
ERS, INC., Appellee.

No. 84–1415.

United States Court of Appeals,
Eighth Circuit.

Submitted June 21, 1984.

Decided July 16, 1984.

Michael S. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for appellee.

W. Edward Tarvin, Little Rock, Ark., for appellant.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and AR-NOLD, Circuit Judge.

PER CURIAM.

Franklin Ray, a first line supervisor at MacMillan Bloedel, Inc. (MacMillan) was terminated on November 30, 1981. He commenced an action in the United States District Court for the Eastern District of Arkansas alleging that he had been terminated because of his age, in violation of 29 U.S.C. § 621 *et seq.* The case was tried to the court. It found that Ray had failed to establish a prima facie case of age discrimination, and that even if such a case had been established, MacMillan had articulated a legitimate non-discriminatory reason for Ray's termination and that Ray had

failed to prove by a preponderance of the evidence that appellee's reason was pretextual. Ray then appealed to this Court. We affirm.

■ Ray proved that he was in the protected age group, that he was qualified for the job that he held, and that he was terminated. He failed to prove that the job was held open until it was filled by a younger person. He also failed to prove a company practice of terminating protected supervisory employees rather than younger supervisory employees of equal or lesser abilities. He thus failed to establish a prima facie case. *Dace v. ACF Industries, Inc.,* 722 F.2d 374, 377–378 & n. 7 (8th Cir.1983); *Cova v. Coca-Cola Bottling Co. of St. Louis,* 574 F.2d 958, 959–960 (8th Cir.1978).

■ The trial court found that Ray had been terminated as a part of "a legitimate reduction in force due to economic conditions" and that "his performance vis-a-vis other supervisors caused him to be terminated rather than the remaining supervisors regardless of their ages." This finding was not clearly erroneous.

Affirmed.