Thomas W. HILL, Petitioner,

v.

DEPARTMENT OF THE AIR FORCE, Respondent.

Appeal No. 86–1081.

United States Court of Appeals, Federal Circuit.

July 17, 1986.

Thomas W. Hill, pro se.

Robert A. Reutershan, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before NEWMAN, BISSELL, and ARCHER, Circuit Judges.

## ORDER

PAULINE NEWMAN, Circuit Judge.

Thomas W. Hill moves to transfer this appeal to the United States District Court for the District of New Mexico. The appeal is from a decision of the Merit Systems Protection Board ("Board") sustaining Dr. Hill's removal from employment by the Department of the Air Force ("agency"). Dr. Hill contends that this is a "mixed case" involving discrimination because of age. The agency opposes the motion to transfer, arguing that the issue of age discrimination was frivolous and was dismissed by the Board, and therefore that a "mixed case" never existed.

Dr. Hill moves in the alternative to stay this appeal pending the outcome of certain proceedings before the district court. The agency also opposes this motion.

The threshold determination of whether this is a "mixed case" requires review of the presiding official's ruling that Dr. Hill's discrimination claims were frivolous. If that ruling is correct it would be improper to transfer this case to a court that is not authorized to receive it. But if the case before us is indeed a "mixed case", in which "the employee is challenging judicially the board's determinations of both the discrimination and the nondiscrimination issues", the appeal lies solely with the district court. *Williams v. Department of the Army*, 715 F.2d 1485, 1491 (Fed.Cir. 1983) (*in banc*). *See also Hilliard v. United States Postal Service*, 722 F.2d 1555 (Fed.Cir.1983).

In *Meehan v. United States Postal Service*, 718 F.2d 1069 (Fed.Cir.1983), the agency had moved to dismiss the appeal filed in this court on the ground that the case involved claims of racial discrimination. The presiding official had conducted a hearing on asserted discrimination and non-discrimination issues, but the petitioner offered no evidence of racial discrimination and the Board held that the petitioner failed to carry his burden on that claim. This court held that the petitioner's allegations of discrimination on appeal, "if proved, would be insufficient to establish that a basis for the adverse action was racial discrimination". *Id.* at 1073. Thus the motion to dismiss was denied. In *Meehan*, unlike the facts now before us, the petitioner had no intention of proceeding in district court, a factor this court deemed significant to its conclusion in denying the transfer. *Meehan* is relevant for its review of factors pertinent to the discrimination claim in order to make a threshold determination of appellate jurisdiction.

In accordance with *Meehan, Williams,* and other precedent, this court determines whether this is a "mixed case" in the same manner in which we review other threshold questions before reaching an appeal on the merits. *See Spears v. Merit Systems Protection Board*, 766 F.2d 520 (Fed.Cir.1985) (issue of *res judicata*); *Synan v. Merit Systems Protection Board*, 765 F.2d 1099 (Fed.Cir.1985) (issue of Board jurisdiction); *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244 (Fed.Cir.1984) (issue of Board jurisdiction); *Wallace v. Merit Systems Protection Board*, 728 F.2d 1456 (Fed.Cir.1984) (issue of timeliness of appeal). To transfer a case containing a specious or inadequate allegation of authority in the transferee court, without review of

the threshold issue of jurisdiction, would violate both 28 U.S.C. § 1631 and our judicial responsibility. Further, the jurisdiction of this court shall not be thus circumvented. It was plainly not the intent of Congress to enable manipulation of appellate jurisdiction by the mere mention of discrimination in a petition for review.

Determination of our jurisdiction requires review of Dr. Hill's allegations of discrimination for this limited purpose. If Dr. Hill presented a non-frivolous allegation of prohibited discrimination, he was entitled to a hearing thereon before the Board. If the Board improperly denied such hearing, we must remand to the Board for this purpose.[1] But if the Board correctly held that the employee presented no more than a frivolous allegation of discrimination then there never was a "mixed case", and review of the merits of the adverse action lies exclusively with the Federal Circuit.

After careful review of the record, we conclude that Dr. Hill alleged no set of facts which, if proven, would comprise even a minimum *prima facie* case of age discrimination.[2] The Board correctly held that Dr. Hill had not raised a nonfrivolous allegation of discrimination. Thus this appeal is not a "mixed case" under 5 U.S.C. § 7702, and the jurisdiction of this appeal is governed by 5 U.S.C. § 7703(b)(1).

Accordingly, IT IS ORDERED:

(1) The motion to transfer this appeal to the United States District Court for the District of New Mexico is denied.

(2) The motion to stay this appeal is denied.

PAULINE NEWMAN, Circuit Judge, additional views.

The court's order states that a non-frivolous allegation of age discrimination requires that a minimal *prima facie* case must be presented before the Board. This court has not heretofore discussed the threshold standard for discrimination cases, although our appellate jurisdiction over petitioner's adverse action depends on whether such standard is met. The presiding official did not state the standard by which she concluded that Dr. Hill's allegations of discrimination were frivolous. Nor does the court. Thus I write separately, to outline the reasons for my conclusion that a "minimal *prima facie* case" is the appropriate standard, and that Dr. Hill did not meet this standard.

*Discussion*

The national purpose in enacting legislation to prohibit discrimination in employment, and the provisions of the Civil Service Reform Act, require that meritorious cases not be deprived of a hearing because of technical flaws or inartistic pleadings. In administrative proceedings, where the formality of the judicial tribunal is absent, it is particularly important that no artificial obstacle prevent a hearing of substantive discrimination claims.

Dr. Hill was requested several times, by the agency and by the Board's presiding official, to state the basis for his claim of age discrimination.[1] The record shows that

---

1. 5 U.S.C. § 7702(a) requires that "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of the title and this section". Section 7701 includes the employee's right to a hearing. 5 U.S.C. § 7701(a)(1). *See Crispin v. Department of Commerce,* 732 F.2d 919 (Fed.Cir.1984) (discussing importance of right to hearing in connection with court's holding that Board does not have power to grant summary judgment).

2. The presiding official described Dr. Hill's general allegation of age discrimination as "the agency's budget liability in any future reduc-

tion-in-force action, due to [his] years of service, constitute[d] age discrimination." The presiding official held that this allegation was frivolous.

1. Dr. Hill also alleged "discriminatory" enforcement of regulations prohibiting use of government equipment for unofficial purposes, asserting that the agency routinely permitted other employees to reimburse the agency for use of long distance service but refused to accept his check for his calls. The presiding official treated this not as an allegation of discrimination under 5 U.S.C. § 7702(a)(1)(B) but as a defense of disparate treatment. *See* 5 U.S.C. § 2301(b)(2) and 2302(b)(11). Dr. Hill has not

Dr. Hill .had several opportunities to respond, and to modify his answers when the agency "confessed" it was "nonplussed" by his assertions. The basis for his age discrimination claim was correctly described by the presiding official. See footnote 2 to the court's opinion.

Determination of the sufficiency of threshold allegations in proceedings before the Board has been discussed by this court in another context ancillary to jurisdiction: that of involuntary retirements and resignations. In *Dumas v. Merit Systems Protection Board,* 789 F.2d 892, 893 (Fed.Cir. 1986), we held that when deciding the threshold question of voluntariness it was improper for the presiding official to weigh evidence, to resolve conflicting assertions of the parties, or to find facts. Rather, the test was whether the employee could "allege facts which if proven could make a *prima facie* case of involuntariness". *Id.* at 894.

The equating of the term "non-frivolous allegation" with the potential for a *prima facie* case if the facts alleged are proven is an established procedural tool. At the allegation or pleading stage the employee need not prove a *prima facie* case of prohibited discrimination. That burden arises at the hearing. 5 C.F.R. § 1201.56(b). If facts are disputed by the agency, the complainant's version must be accepted for the purpose of determining whether the allegations, if proven, would support a claim of discrimination. *See id.* at 894–95; *Crispin v. Department of Commerce,* 732 F.2d 919, 922 (Fed.Cir.1984).

The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 631, 633a, is the discrimination statute that Dr. Hill refers to in this appeal. In analyzing Dr. Hill's assertion of discrimination because of age, his allegations "should be construed not narrowly and technically, but broadly and liberally". *See, e.g., Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911, 915 (N.D.Ga.1973), wherein the court remarked that non-lawyer petitioners should not be held to strict rules of pleading in

age discrimination cases. Congress made clear that the ADEA should not be applied formalistically:

> The case-by-case basis should serve as the underlying rule in the administration of the [ADEA] legislation. Too many different types of situations in employment occur for the strict application of general prohibitions and provisions.

H.R.Rep. No. 805, 90th Cong., 1st Sess., *reprinted in* 1967 U.S. Code Cong. & Ad. News 2213, 2220. *See also Sahadi v. Reynolds Chemical,* 636 F.2d 1116, 1118 n.3 (6th Cir.1980); *Schwager v. Sun Oil Co. of Pennsylvania,* 591 F.2d 58, 61 n. 1 (10th Cir.1979). "[T]he proof required for a prima facie case of [age] discrimination will vary depending upon the specific factual situation...." *Moses v. Falstaff Brewing Corp.,* 550 F.2d 1113, 1114 (8th Cir. 1977) (footnote omitted).

The variety of tests applied by the courts for determining whether a petitioner has presented a factually sufficient allegation of age discrimination under the ADEA illustrates the flexibility with which courts have handled this threshold question. Frequently following the guidelines set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a case of racial discrimination, minimum allegations that have been held to constitute a *prima facie* case of age discrimination under the ADEA are (i) that the employee is within the protected age group; (ii) that the employee was doing satisfactory work; (iii) that the employee was discharged despite adequacy of performance; and (iv) that the position was filled by a younger person. *Schwager,* 591 F.2d at 61. *See also Cuddy v. Carmen,* 762 F.2d 119, 122 (D.C.Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985); *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 69 (6th Cir.1982); *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285, 289–90 (8th Cir.1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983); *Price v. Maryland*

challenged this treatment of this issue, the mer-                its of which are not before us on this motion.

*Casualty Co.,* 561 F.2d 609, 612 (5th Cir. 1977).

The *McDonnell Douglas* Court cautioned that its guidelines may not be applicable in all cases. 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. In *McCorstin v. United States Steel Corp.,* 621 F.2d 749, 753–54 (5th Cir.), *reh'g denied en banc,* 627 F.2d 239 (1980), the Fifth Circuit observed that "[i]n those situations where *McDonnell* does not apply the line of demarcation denoting the existence of a *prima facie* case is not bright, but in the area of subtle discrimination more specificity on the court's part would lead inexorably to less protection for victims." *Id.* at 754. *See also McCuen v. Home Insurance Co.,* 633 F.2d 1150, 1151–52 (5th Cir.1981).

With this guidance, courts have viewed liberally the offers of proof in age discrimination cases, to include circumstantial as well as direct evidence of intent to discriminate. *See, e.g., Maxfield v. Sinclair International,* 766 F.2d 788, 791 (3d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986); *Buckley v. Hospital Corp. of America, Inc.,* 758 F.2d 1525, 1529 (11th Cir.1985). The threshold consideration is whether the employee has alleged a "sufficient ... basis for an inference that age was a factor in the employment decision". *Pace v. Southern Railway System,* 701 F.2d 1383, 1387 (11th Cir.), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983), *reh'g denied,* 465 U.S. 1054, 104 S.Ct. 1334, 79 L.Ed.2d 729 (1984).

Our responsibility lies at this threshold. We do not review the merits of a discrimination claim. But when an appeal has been lodged with us, and a party has moved that we remove ourselves from jurisdiction over that which the statute assigns to us, *i.e.,* the merits of non-discrimination issues, then we must determine whether discrimination is fairly at issue in the appeal. It was incumbent upon Dr. Hill to allege sufficient facts which, if proven, would establish a *prima facie* case of prohibited discrimination. We are not here concerned with the probative value of his evidence. We are concerned only with the sufficiency of his allegations.

The basic allegation that may raise an inference that age was a factor requires more than that a person be in the protected age group. Dr. Hill was forty-seven years old at the time of the adverse action.[2] Dr. Hill did not allege that his position was filled by a younger employee, nor that the agency had a practice of terminating older employees rather than younger employees of equal or lesser abilities. *See Ray v. MacMillan Bloedel Containers, Inc.,* 738 F.2d 965, 966 (8th Cir.1984). Although mere age differential will not always support an inference of age discrimination, *Maxfield,* 766 F.2d at 792–93, without some allegation of an age related practice, whether of age differential or some pattern or indication of age discrimination, an essential element of a *prima facie* case is absent.

The record shows that Dr. Hill's only allegation was that the agency made an "issue" of his age because of his pay level and accrued leave. Despite the agency's request, and the Board's order, that he submit "a more definite statement" with "specific examples to support" his allegations, Dr. Hill stated only that his years of service would have an impact in a reduction-in-force ("RIF") action, although it was unchallenged that there was no RIF. Dr. Hill's statement that the removal was "motivated in part by the agency's desire to avoid financial liabilities associated with his age" is insufficient to raise an inference of prohibited discrimination. *See Locke v. Commercial Union Insurance Co.,* 676 F.2d 205, 206 (6th Cir.1982) ("There is no automatic presumption that every termination of an employee between the ages of

---

**2.** For federal employees the ADEA applies to "individuals who are at least 40 years of age".

29 U.S.C. § 631(b).

40 and 70 results in a violation of the Age Discrimination in Employment Act.").

Accordingly, I conclude that Dr. Hill alleged no set of facts which, if proven, would comprise a minimum *prima facie* case, by any of the criteria discussed. A general and conclusory pleading of discrimination because of age is insufficient to meet this threshold burden. *See Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir.1985); *Locke, supra; Favors v. Ruckelshaus,* 569 F.Supp. 363, 367 (N.D. Ga.1983).