845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel A. SEARS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3406.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1988.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge and NICHOLS, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), 33 M.S.P.R. 595 (1987), affirming as modified the administrative judge's decision sustaining Office of Personnel Management's (OPM's) reconsideration decision denying Daniel A. Sears' (Sears') application for a disability retirement annuity, is affirmed. Sears' request that this appeal be transferred to the United States District Court is denied.
 
 OPINION
 
 2
 Sears asks us to review the factual underpinnings of the board's decision that he is not entitled to disability annuity. This we cannot do. Smith v. Office of Personnel Management, 784 F.2d 397, 400 (Fed.Cir.1986); see Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Sears has not established that "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl, 470 U.S. at 791.
 
 
 3
 Sears' request to transfer is denied. There is no evidence of record supporting either a specific or general claim of discrimination under any of the Acts enumerated in 5 U.S.C. Sec. 7703(b)(2) (1980). That Sears has an EEO claim pending against his former agency is not relevant to his assertion that OPM "discriminated" against him in processing his application for disability retirement annuity. His arguments that OPM "relied upon [the] prejudiced statements" of his former supervisor, and that the administrative judge was biased against him because "on second case appeal it was obvious that Judge Clancy was predisposed not to rule against himself," are without record support. Thus Sears has failed to present the "mixed case" necessary for transfer. See Hill v. Department of the Air Force, 796 F.2d 1469, 1470-71 (Fed.Cir.1986); Meehan v. United States Postal Service, 718 F.2d 1069, 1074 (Fed.Cir.1983).