846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Curtis L. WEAVER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3255.
 United States Court of Appeals, Federal Circuit.
 March 9, 1988.
 
 Before FRIEDMAN, PAULINE NEWMAN and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, MSPB Docket No. SL07528610249, affirming Petitioner Curtis L. Weaver's removal on grounds of insubordination for refusal to comply with verbal instructions, impertinence, and misuse of government property, is affirmed. Petitioner's request to transfer is denied.
 
 OPINION
 
 2
 Petitioner asserts that his removal was due to discrimination on the basis of race, sex, and marital status. He generally alleges harassment about his work performance, withholding of work from him, instruction of co-workers not to give him work, taking him off regular duties, prevention of his transfer to other jobs, etc. The Board found that "[t]he appellant made no effort to link such alleged prior mistreatment concerning his performance to the present adverse action which is obviously based on misconduct wholly unrelated to the appellant's performance.... The appellant presented no other evidence, or argument, as to why he believed that he had been discriminated against on any of the bases cited."
 
 
 3
 No error has been shown in the Board's ruling that Petitioner has shown no link between the actions now at issue and his race, sex, age, or marital status. He has not established a prima facie case of discrimination. See Hill v. Department of the Air Force, 796 F.2d 1469 (Fed.Cir.1986).
 
 
 4
 The charges of insubordination, impertinence, and misuse of government property were the subject of testimony by witnesses at the hearing. Petitioner did not deny placing his work telephone number in a classified newspaper ad. The administrative judge had full opportunity to determine the credibility of the witnesses. Hambsch v. Department of the Treasury, 796 F.2d 430 (Fed.Cir.1986). The Board's findings are supported by substantial evidence, and the Board's affirmance of the agency's action of removal has not been shown to be contrary to law.
 
 
 5
 We have considered all of the points raised by Petitioner, including the penalty imposed. He has not shown sufficient basis for reversal of the Board's holding. See 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).