867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose N. LOPEZ, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 88-3298.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1989.
 
 Before RICH, EDWARD S. SMITH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Jose N. Lopez petitions for review of a decision of the Merit Systems Protection Board (board), Docket No. DEO3518810007, dismissing his appeal for lack of jurisdiction. The full board denied petitioner's request pursuant to 5 CFR 1201.115 for review of the administrative judge's November 17, 1987, initial decision, but reopened the case on its own motion under 5 CFR 1201.117. The board then modified and affirmed the initial decision in a May 13, 1988, opinion and order. We affirm.
 
 OPINION
 
 2
 Petitioner has not carried his burden of showing that the board had jurisdiction over his case. After careful review of the record, we conclude that he alleged no set of facts which, if proven, would make out a prima facie case of age discrimination. Cf. Hill v. Department of the Air Force, 796 F.2d 1469 (Fed.Cir.1986). Petitioner's allegations that the Department of the Interior (agency) coerced and manipulated him into giving up his job in violation of 5 USC Sec. 2302(b)(4) and (5) are similarly deficient. The two-page letter which petitioner points to as support for these allegations does not reflect any coercion or manipulation on the part of the agency. Furthermore, we agree with the government that Sec. 2302(b)(4) and (5), on their face, do not apply to petitioner. Finally, petitioner's naked allegation that the agency violated merit systems principles does not help his case. His other arguments have no merit. We conclude that petitioner has failed to raise any nonfrivolous allegations in support of jurisdiction which would have obligated the board to conduct a hearing and that the board properly dismissed his appeal.