983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ben PETTY, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3476.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1992.
 
 Before PAULINE NEWMAN, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ben Petty, Jr., appeals from a decision of the Merit Systems Protection Board, Docket No. SL0752920164I-1, that his claim of discrimination is barred by the doctrine of res judicata. We affirm the decision of the Board.
 
 DISCUSSION
 
 2
 Petitioner was removed from his position of City Letter Carrier by the United States Postal Service on December 28, 1990. He timely appealed the decision of the Postal Service to the Merit Systems Protection Board. The Administrative Judge affirmed the agency's action in an Initial Decision dated April 26, 1991. At that time Mr. Petty was notified that the Initial Decision would become the final decision of the Board unless he filed a petition for review by May 31, 1991. Petitioner failed to request review by that time.
 
 
 3
 On December 30, 1991, Petitioner filed a second appeal with the Board challenging the same removal action that was the subject of the first appeal and asserting that his discrimination claim had not been addressed in the first appeal. The Administrative Judge, reviewing the prior appeal, found that the discrimination claim had been addressed and, in an Initial Decision dated February 25, 1992, dismissed the appeal as res judicata. On June 3, 1992, the Board denied Mr. Petty's petition for review of the Initial Decision. He then petitioned this Court for review.
 
 
 4
 Res judicata, Latin for "the thing has been decided", developed in the law to prevent the re-litigation of an issue or claim that has already had its day in court. By affording a claimant only one opportunity to obtain redress, the doctrine conserves the resources of the judicial system and prevents the defendant from being harassed by repeated lawsuits asserting the same claim. Although this Court does not review discrimination claims on the merits, res judicata is a threshold question which we will decide. See, e.g., Hill v. Department of the Air Force, 796 F.2d 1469 (Fed.Cir.1986).
 
 
 5
 The Initial Decision of April 26, 1991, shows that Mr. Petty raised the issue of discrimination in his first appeal, and that the Administrative Judge found that he had failed to prove his case. Having failed to timely seek further review of that decision, it can not now be challenged. Nor can Mr. Petty's discrimination claims be litigated anew before the Board.