996 F.2d 318
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance V. THOMPSON, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 93-3038.
 United States Court of Appeals, Federal Circuit.
 April 15, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Constance V. Thompson petitions for review of the June 22, 1992 initial decision of the Administrative Judge (AJ), Docket No. DC0752920354-I-1, sustaining the Department of the Treasury's removal (Agency) of Ms. Thompson for disruptive behavior in the workplace. The AJ's decision became the final decision of the Merit Systems Protection Board (Board) on November 3, 1992, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC § 7703(c) (1988). No such grounds are present here.
 
 
 3
 The AJ issued a detailed decision, carefully addressing each of the agency's charges, the nexus between Ms. Thompson's discipline and the efficiency of the service, and the reasonableness of the penalty. Most of the AJ's findings were based upon credibility determinations that are virtually unreviewable, and we find nothing in the record in this case to justify our reconsidering those determinations. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). We also find no error in the Board's holding that Ms. Thompson had failed to raise a nonfrivolous allegation of racial discrimination, and therefore that jurisdiction was proper. Hill v. Department of the Air Force, 796 F.2d 1469, 1471 (Fed.Cir.1986).