11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph MATTOS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3203.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before MICHEL, Circuit Judge, SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph Mattos appeals the January 12, 1993 order of the United States District Court for the District of Hawaii, CV. No. 92-00306 DAE, dismissing his national origin discrimination claim as frivolous and transferring the remainder of the action to this court. Petitioner seeks transfer back. Alternatively, petitioner seeks review of the underlying April 10, 1992 decision, Docket No. SE-0752-92-0098-I-1, of the Merit Systems Protection Board (MSPB or Board). The Board affirmed the Army's 30-day suspension of petitioner, sustaining one charge of unauthorized use of a government owned vehicle (GOV) and dismissing another for lack of evidence. We affirm both the district court dismissal order and the Board decision.
 
 DISCUSSION
 
 2
 On appeal, petitioner argues that the district court wrongly dismissed his national origin discrimination claim as frivolous and, therefore, incorrectly transferred the remaining claims to this court pursuant to 28 U.S.C. Sec. 1631 (1988). Petitioner argues that because his discrimination claim was "raised, argued, and disposed of on the merits by MSPB and subsequently alleged in a timely filed complaint in district court" that the case was "mixed" and therefore could not have been initially filed in this court "absent affirmative waiver or abandonment of the discrimination claim." Therefore, petitioner argues, the discrimination claim was not frivolous for jurisdictional purposes and the transfer was improper.
 
 
 3
 "The district courts have ample authority to dismiss cases based on frivolous or sham discrimination claims." Williams v. Department of Army, 715 F.2d 1485, 1491 (Fed.Cir.1983). "They need not transfer even legitimate merits issues where a litigant has made abusive use of the judicial system." Id.
 
 
 4
 A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This is determined by whether a petitioner alleges a set of facts, which if proven would have a potential for a prima facie case of prohibited discrimination. Hill v. Department of Air Force, 796 F.2d 1469, 1472-73 (Fed.Cir.1986). Petitioner's claim that his suspension was motivated in whole or in part by unlawful discrimination is based solely on the allegation that at the MSPB hearing Gerald Eget, petitioner's supervisor who recommended the suspension, referred to him as a "Portagee," which petitioner alleges is an ethnic slur for Portuguese. The district court "agree[d] that the term 'Portagee' is offensive" but noted that "this alone [was] not enough to taint the MSPB hearing." District Court Order, slip op. at 4. The district court found petitioner's allegation to be frivolous as a matter of law because "[t]he entire record viewed as a whole show[ed] no evidence of discrimination and the plaintiff [did] not even raise discrimination as a basis for the cancellation of his suspension." Id. We agree.
 
 
 5
 We review the district court's transfer order for clear error. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-18 (1988); Ukiah Adventist Hosp. v. FTC, 981 F.2d 543, 546 n. 4 (D.C.Cir.1992). Here, the district court's transfer was not clearly erroneous.
 
 
 6
 On the merits, petitioner argues that the Board's decision is not supported by substantial evidence. The administrative judge (AJ) relied on petitioner's testimony at the hearing that he "admitted having gone to McDonald's in his government vehicle to pick up lunch while returning from a meeting in Mr. Eget's office." The AJ also found this misuse was willful, relying on, inter alia, petitioner's acknowledgement in a telephone conference of January 6, 1992, that "use of a government vehicle for a trip for lunch would constitute misuse of that vehicle," and that petitioner "had been aware of an earlier suspension of an employee in his branch for misuse of a government vehicle." MSPB slip op. at 7.
 
 
 7
 We conclude that this constitutes substantial evidence in support of the AJ's finding.
 
 
 8
 Petitioner also argues that the agency applied the wrong law concerning misuse of a GOV, because 31 U.S.C. Sec. 1349 (1988) applies only to home-to-work situations. Petitioner is incorrect. Nothing in the statute limits misuse to home-to-work situations, and cases interpreting the statute have sustained violations in other than home-to-work situations. See Campbell v. Department of Health and Human Servs., 40 M.S.P.R. 525, 529-30 (1989); Madrid v. Department of the Interior, 37 M.S.P.R. 418, 420-22 (1988). Furthermore, since the primary use of the vehicle here was not for official government use, but rather for petitioner to get lunch, the de minimis exceptions in Lynch v. Department of Justice, 32 M.S.P.R. 54 (1982), and Ferguson v. Department of Army, 8 M.S.P.R. 615 (1981), are inapplicable.
 
 
 9
 Finally, petitioner argues that the 30-day suspension is excessively harsh, and therefore it is an abuse of discretion by the agency. We note that a 30-day suspension is the minimum penalty under section 1349 for misuse of a GOV, therefore imposition of this penalty is clearly not an abuse of discretion.
 
 
 10
 We have considered petitioner's other arguments and find them to be without merit.