19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael A. MENDELSON, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3546.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1994.
 
 Before ARCHER, MICHEL, Circuit Judges, and SMITH, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Michael Mendelson petitions for review of the April 19, 1993 decision of an Administrative Judge (AJ), Docket No. CH-0752-93-0282-I-1, which became the final decision of the Merit Systems Protection Board (Board) on August 4, 1993, when the Board denied review of the AJ's decision. The AJ affirmed the action by the Department of Veterans Affairs (agency) removing Mendelson from his position as a computer programmer. We affirm.
 
 DISCUSSION
 A.
 
 2
 The government argues that this appeal must be dismissed because this court lacks jurisdiction over "mixed" appeals from the Board which involve issues concerning the merits of an agency action and issues of discrimination. Williams v. Department of Army, 715 F.2d 1485 (Fed.Cir.1983). To support its contention that this is a mixed appeal, the government informs us that on September 13, 1993, Mendelson filed a petition with the Equal Employment Opportunity Commission (EEOC)[1] which is currently pending and involves the same facts as this appeal.[2]
 
 
 3
 We decline to dismiss this appeal for lack of jurisdiction because the discrimination issue was not raised before the AJ. To divest the Federal Circuit of jurisdiction, there must be at least an allegation at the Board level of a set of facts that, if proved, would comprise a minimal prima facie case of discrimination. Hill v. Department of Air Force, 796 F.2d 1469, 1473 (Fed.Cir.1986). No such allegation was made here. No evidence of discrimination was produced for the record reviewed by the AJ and he did not make any findings regarding discriminatory conduct. Because this case involves only nondiscrimination issues, it is not a mixed appeal and we have jurisdiction. See Meehan v. United States Postal Serv., 718 F.2d 1069, 1073-74 (Fed.Cir.1983) (vague references to discrimination in petition for appeal after no evidence on discrimination was offered during Board hearing does not result in a mixed appeal or divest the Federal Circuit of jurisdiction).
 
 B.
 
 4
 Mendelson sustained injuries in an automobile accident on March 21, 1991 and has not returned to his position as a computer programmer with the agency since that date. He complained that various conditions including back, shoulder, and neck pain prevented him from working.
 
 
 5
 At the agency's request Mendelson was examined by John Shea, M.D., on December 26, 1991. Dr. Shea's examination did not detect any neurological or musculoskeletal abnormalities, nor any other significant injury. He concluded that Mendelson "should be able to resume gainful employment." On January 3, 1992, Mendelson was examined by an orthopedic specialist, Jeffrey Meisles, M.D., at the request of the Department of Labor to which he had submitted a claim for workers' compensation. Dr. Meisles reported that Mendelson suffered from a mild central disc bulge which he did not believe was of clinical significance, and that he found no other abnormalities. Based on Dr. Meisles' conclusions, the Department of Labor denied Mendelson's compensation claim.
 
 
 6
 The agency removed Mendelson from service on February 19, 1993, because he failed to report to work on December 21, 1992, as ordered. Mendelson's appeal of the removal action was affirmed by the AJ based on his conclusion that Mendelson had provided no evidence that his return to work would place him in a clearly dangerous situation, a standard which is stated in Nickerson v. United States Postal Service, 49 M.S.P.R. 451, 459 (1991) ("The appellant is required to obey an agency order, even if inappropriate, and then grieve it later, except in circumstances where to obey the order would place him in a clearly dangerous situation.").
 
 
 7
 This court must affirm a decision of the Board unless it finds that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law; (2) obtained without following the procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Under this standard of review, the court will not overturn a Board decision if it is supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed.Cir.1990) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 8
 Mendelson argues that the Board did not consider evidence that he is in need of medical treatment and ordered to avoid work by his physician such that returning to work would have placed him in a clearly dangerous situation. To the contrary, the AJ reviewed and compared the reports of Mendelson's own physician with those of the two physicians who examined him at the request of the government. The AJ found the reports of the government's physicians to be more persuasive and better documented than the report of Mendelson's physician which simply stated that he "has been advised to be off work" without providing a full explanation. The detailed reports by Drs. Shea and Meisles provide substantial evidence for the AJ's finding that Mendelson was not in clear danger if he resumed work. The AJ's conclusion is further supported by the fact that Mendelson performed sedentary tasks as a computer programmer.
 
 
 9
 The AJ also concluded that the disciplinary action taken by the agency was reasonable and related to the efficiency of the service. Given that Mendelson was absent from his position for almost two years and the agency was unable to replace him without removing him, the AJ's conclusion was not arbitrary.
 
 
 10
 Because the AJ's finding that Mendelson would not be placed in a clearly dangerous situation by returning to work is supported by substantial evidence, and because his removal is reasonable and promotes the efficiency of the agency, we affirm the AJ's decision.
 
 
 
 [1]
 In his informal brief dated November 7, 1993, Mendelson indicates that he has never had a case before the EEOC. The record does not provide us with any evidence of the EEOC petition
 
 
 [2]
 According to EEOC rules, individuals who have received a final decision from the Board on a mixed appeal may petition the EEOC to consider that decision. 29 C.F.R. Sec. 1614.303(a) (1993). As explained below, however, Mendelson did not present a mixed appeal to the Board