26 F.3d 137
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John T. SHAW, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3518.
 United States Court of Appeals, Federal Circuit.
 April 1, 1994.
 
 Before NEWMAN and RADER, Circuit Judges, and GARBIS, District Judge.*
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 John T. Shaw petitions for review of the decision of the Merit Systems Protection Board, Docket No. SL0752920320-I-1, affirming his removal as a Licensed Practical Nurse at the Leonard Wood Army Community Hospital, Fort Leonard Wood, Missouri. We affirm the decision of the Board.
 
 JURISDICTION
 
 2
 Mr. Shaw was removed from his position effective May 20, 1992. He timely appealed the removal to the Merit Systems Protection Board, which on October 2, 1992 issued an Initial Decision affirming the agency action. The full Board denied Mr. Shaw's petition for review on January 15, 1993, whereupon the Initial Decision became the Final Decision of the Board.
 
 
 3
 Mr. Shaw appealed the Board's decision to the United States District Court for the Western District of Missouri, asserting discrimination. The district court concluded that Mr. Shaw had not alleged facts which, if proven, would establish a discrimination claim. Citing Hill v. Department of the Air Force, 796 F.2d 1469 (Fed.Cir.1986), the district court held that Mr. Shaw had not established a mixed case (containing a discrimination claim and a non-discrimination claim, see 5 U.S.C. Sec. 7702) and dismissed the case for lack of jurisdiction. Shaw v. Army, No. 93-3049-CV-S-4 (W.D.Mo. July 7, 1993). The district court referred to its authority to transfer the case to the Federal Circuit but, concluding that such a transfer would not be in the interest of justice, declined to do so.
 
 
 4
 Mr. Shaw filed a notice of appeal in the district court which stated: "Request permission to file an appeal in the Federal Circuit Court if this court will not hear this case." The district court sent the appeal documents to the United States Court of Appeals for the Eighth Circuit.
 
 
 5
 The Eighth Circuit forwarded them to this court on July 27, 1993.
 
 
 6
 The government argues that this court lacks jurisdiction because the documents did not arrive here within thirty days after the date that Mr. Shaw received the final decision of the Board, citing 5 U.S.C. Sec. 7703(b)(1). The government's position appears to be that the proper procedure is for the Federal Circuit to send the case back to the Eighth Circuit for its review of whether the district court abused its discretion in declining to transfer the case to the Federal Circuit in the first place. We do not reach the government's position, for in accordance with Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 819 (1988), this court is required to accept the transfer under law-of-the-case principles, for "if the transferee court can find the transfer decision plausible", the "jurisdictional inquiry is at an end." Since the transfer is plausible, we must accept the appeal.
 
 THE MERITS
 
 7
 Mr. Shaw had been employed as a practical nurse since September of 1979. During this employment he had twice been suspended from work, once for sleeping on duty and once for being absent without leave. On August 18, 1991 he was discovered sleeping while on duty, and was suspended for five days.
 
 
 8
 As part of his defense, Mr. Shaw maintained that he could not have been sleeping because he was logging in specimens in the laboratory at the time in question. He said that the laboratory log would verify this. An examination of the laboratory log showed five entries at the time in question and accompanied by Mr. Shaw's signature. However, a cross-check with other laboratory records showed that these five specimens had been brought to the laboratory one or two days earlier, leading the agency to conclude that Mr. Shaw had falsified the laboratory log entries. The agency charged him with falsifying records, determined that this was a serious offense and, in light of his previous suspensions, removed him. The Board agreed that the agency had proven the charge of falsifying records and that the seriousness of the offense warranted removal.
 
 
 9
 In his petition to this court, Mr. Shaw denies that he falsified records and challenges the credibility of the witnesses who testified against him at the Board hearing. He alleges a conspiracy against him.
 
 
 10
 The issue turns on credibility of the witnesses. Credibility is the particular province of the trial judge. Several witnesses testified at the hearing and documentary evidence was introduced. We conclude that the facts found by the Board are supported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535 (Fed.Cir.1984). The decision of the Board must be affirmed.
 
 
 
 *
 The Honorable Marvin J. Garbis, United States District Court for the District of Maryland, sitting by designation