36 F.3d 1116
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Valerie STRINGER-EARNEST, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 94-3194.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals from a final decision of the Merit Systems Protection Board (MSPB or Board), which dismissed for lack of jurisdiction the appeal of her demotion from the position of sheet metal worker to that of supply clerk in the Navy. Because the Navy had completely rescinded the removal action, the Board held that it was divested of appellate jurisdiction, MSPB Docket No. SF-0752-92-0561-B-1. We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 Because of medical restrictions due to her asthmatic symptoms, the Navy reassigned petitioner from her position of aircraft sheet metal worker, WG-3806-8, to supply clerk, GS-2005-5, with retained pay. At the time, she was receiving compensation under the Office of Workmen's Compensation Programs (OWCP), and the Navy advised her that she would be paid the difference in dollar amount between her current WG-8 salary and the salary of the GS-5 position she formerly held. She filed an appeal from the demotion to the MSPB.
 
 
 3
 Petitioner refused to report for duty in the reassigned position. The Navy then prepared a proposal to remove her on the basis of her absence. Thereupon, she submitted her resignation "under protest" and appealed the resignation as involuntary. Her appeal was dismissed in a final MSPB decision of September 27, 1991, in which the MSPB found that the resignation was voluntary and that her appeal was untimely. That decision became final and is not an issue in this case, because the petitioner did not file a timely appeal to this court.
 
 
 4
 The appeal of petitioner's demotion was initially dismissed by the administrative judge on the ground that she had applied for an award under the OWCP. Later, the administrative judge found that the refiling of her appeal was untimely and dismissed it on that basis. However, the Board remanded the case to the administrative judge for an adjudication of the demotion issue.
 
 
 5
 Subsequent to the appeal, the Navy rescinded the demotion action in its entirety, restoring petitioner to her sheet metal worker's position from the date of the demotion to the date of her resignation. Her application for OWCP payments was at first denied, but she successfully appealed and was paid OWCP benefits from the entire period between her demotion and resignation.
 
 
 6
 * Although the MSPB's decision dismissing her case for lack of jurisdiction is challenged by petitioner, we find that the MSPB's decision was correct as a matter of law. The Board has uniformly held that, with certain exceptions which are not applicable here, a complete rescission of an appealable action divests the MSPB of jurisdiction over an appeal of that action. See Bracy v. Department of the Navy, 52 M.S.P.R. 598, 600 (1992); Castro v. United States Postal Serv., 51 M.S.P.R. 530, 532 (1991). The cases relied on by petitioner are inapposite. Jordan v. United States Postal Serv., 32 M.S.P.R. 404, 405 (1987), involved a situation in which the employing agency improperly failed to award the restored employee backpay to which the employee was entitled on rescission of the removal. As stated hereinafter in Part II, the petitioner received all the remuneration to which she was entitled. The other cases cited by petitioner are inapplicable, because in each case, the rescission by the agency was incomplete.
 
 II
 
 7
 Petitioner's principal contention in this case is that the Navy's demotion action wrongfully failed to fully restore her to the status quo ante, because she was not granted backpay and other benefits she might have received had her employment as a sheet metal worker continued after her resignation. She admits that any benefits she received from the OWCP should be offset against any backpay to which she is entitled. However, she relies on Kerr v. Nat'l Endowment for the Arts, 726 F.2d 730, 733 (Fed.Cir.1984), and Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975), and argues that she is entitled to be made whole. We find this contention is without merit and that the MSPB correctly held that she received all of the pay and other benefits to which she was entitled. As the administrative judge noted, the Federal Employees' Compensation Act, 5 U.S.C. Sec. 8116(a), prohibits an employee who is awarded OWCP benefits from receiving any other remuneration from the Federal government. In Johansen v. United States, 343 U.S. 427, 439-41 (1952), the Supreme Court declared that the statute was enacted for the purpose of providing the exclusive remedy for injured employees of the United States. In ROJA v. Department of the Navy, 55 M.S.P.R. 618, 621 (1992), a case directly on point, the MSPB held that an employee who was receiving OWCP payments is not entitled to receive salary, pay, or any other remuneration from the government.
 
 
 8
 The cases relied on by petitioner do not support her position. Neither of the decisions cited by her involved an employee who was receiving OWCP benefits. Kerr was a case in which the MSPB held that the employee was wrongfully discharged and that the discharged employee was entitled to be placed in the same status he occupied before the discharge. In the present case, there is a final decision that the petitioner voluntarily resigned. Albemarle Paper was a suit by Moody against the Albemarle Paper Company and has no application to actions involving employees of the United States.
 
 III
 
 9
 It is not altogether clear from her brief, but it appears that petitioner has attempted to assert a discrimination claim by her allegation that "the agency seeks to cancel an unwarranted, wrongful and discriminatory personnel practice that for two years or more deprived appellant of the financial ability to provide for her child and ultimately forced her to resign."
 
 
 10
 Her brief shows that she instituted two actions with the Equal Opportunity Commission (EEOC). The respondent informs us that one of these was resolved in favor of the Navy and that the other is still pending. However, these proceedings do not affect our jurisdiction. This is not a mixed case, because the MSPB dismissed the petitioner's appeal for lack of jurisdiction and did not address any discrimination questions. Consequently, this Court has exclusive jurisdiction of the appeal. See Meehan v. United States, 718 F.2d 1069, 1074 (Fed.Cir.1983). Accordingly, we hold that petitioner's discrimination claim must be rejected, because she has cited no evidence which, "if proven, would comprise even a minimum prima facie case of discrimination." Hill v. Department of the Air Force, 796 F.2d 1469, 1471 (Fed.Cir.1986).