86 F.3d 1175
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas RICE, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3085.
 United States Court of Appeals, Federal Circuit.
 May 7, 1996.
 
 Before MICHEL, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Rice, Jr. seeks review of the December 14, 1995 decision of the Merit Systems Protection Board (Board), Docket No. PH0752950624-I-1, which affirmed the decision of the United States Postal Service (USPS) to dismiss Rice for failing to meet the attendance requirements of his position. We affirm.
 
 
 2
 * Rice was employed as a Distribution Clerk for the USPS for approximately nine years. On June 16, 1995, the USPS proposed to remove Rice for 144 hours of unscheduled absences during 1994 and 1995. The notice of proposed removal also informed Rice that the USPS would take into account four previous instances where Rice had been disciplined for unauthorized absences. On July 13, 1995, the USPS removed Rice from service.
 
 
 3
 We first address the issue of our jurisdiction. Before the Board and this court, Rice alleged that his removal was a result of "discrimination." This court has no jurisdiction to hear an appeal containing a nonfrivolous claim of discrimination incorporated within a petition to review an adverse action by an agency. The mere mention of discrimination in a petition for review, however, is not enough to oust our jurisdiction. We thus review Rice's discrimination claim only to determine if it is nonfrivolous. See Hill v. Department of Air Force, 796 F.2d 1469 (Fed.Cir.1986).
 
 
 4
 The Board held that Rice offered no evidence to support his discrimination allegation. In his brief to this court, Rice similarly offers no argument as to why the Board erred in making this determination. Thus, Rice's reference to "discrimination" by the USPS cannot, without more, deprive this court of jurisdiction to entertain his petition for review.
 
 II
 
 5
 We now turn to the merits. Before the Board, Rice admitted that he was absent on the days and times indicated in the notice of proposed removal. In sustaining the USPS action, the Board found that Rice knew that his absences were unacceptable and that the USPS was pursing progressive discipline pursuant to leave regulations. Additionally, the Board found that Rice's misconduct was sufficient to justify his removal from service.
 
 
 6
 On appeal, Rice alleges that he was not permitted to present his case before the Board. Rice has offered no evidence to support his argument. Rice similarly offers no evidence to show why the Board improperly dismissed his allegation that the USPS violated the Family and Medical Leave Act. Rice has therefore failed to demonstrate that the Board's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). The decision of the Board is affirmed.