NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3132

ATANACIO G. SAMBRANO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Atanacio G. Sambrano, of Lindenhurst, Illinois, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3132

ATANACIO G. SAMBRANO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: September 6, 2007

_____

Before NEWMAN and MOORE, <u>Circuit Judges</u>, and FARNAN,* <u>District Judge</u>.

NEWMAN, <u>Circuit Judge</u>.

Mr. Atanacio G. Sambrano appeals the decision of the Merit Systems Protection Board (Docket No. CH3443060625-I-1) dismissing his appeal for lack of jurisdiction. Because failure to promote to a higher grade or select for a vacancy at a higher grade is

_____

* Hon. Joseph J. Farnan, Jr., District Judge, United States District Court for the District of Delaware, sitting by designation.

not an appealable action, the Board had no authority to give independent consideration to his claims of discrimination based on race, national origin, or age. The dismissal is affirmed.

## BACKGROUND

Mr. Sambrano is a licensed Professional Engineer, employed as Civil Engineer, grade GS-11, with the Naval Facilities Engineering Command in Great Lakes, Illinois. In February 2006 he filed a complaint with the Office of Special Counsel (OSC), charging that the Navy had engaged in prohibited personnel practices including age, race, and national origin discrimination, by denying his repeated requests for promotion to a GS-12 position, while promoting other engineers who were younger and less qualified.

On March 8, 2006 the OSC informed Mr. Sambrano that he had not supported the charge of violation of 5 U.S.C. §2302(b)(6) (prohibition against granting "any preference or advantage not authorized by law"), and that any violation of 5 U.S.C. §2302(b)(9) (prohibition against taking or failure to take any personnel action against an employee for filing an EEO complaint) should be filed with the EEOC. The OSC concluded its investigation, and denied reconsideration. Mr. Sambrano appealed to the MSPB, raising issues of prohibited personnel practices under 5 C.F.R. §1201.151 and §1201.153, violation of the Civil Rights Act of 1964, violation of the Age Discrimination in Employment Act of 1967, and violation of the Whistleblower Protection Act.

Mr. Sambrano argued that the Navy's repeated denial of a promotion to GS-12 despite more than twenty years of service as a licensed Professional Engineer, and the Navy's promotion of less senior and unlicensed engineers to grade GS-12, are prima facie prohibited personnel practices. He did not press the whistleblower aspect. The MSPB

2007-3132                                                  2

administrative judge dismissed the appeal on the ground that failure to promote is not an appealable action, and that discrimination claims are not appealable to the Board unless they accompany an otherwise appealable action. The full Board declined review, and this appeal followed.

## DISCUSSION

The issue of the Board's jurisdiction is a question of law, and receives plenary review. King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996). See 5 C.F.R. §1201.56(a)(2) (the petitioner must establish the Board's jurisdiction).

The Board's jurisdiction is limited to actions designated as appealable to the Board "under any law, rule, or regulation." 5 U.S.C. §7701(a). Mr. Sambrano argues that the Navy's actions constitute prohibited personnel practices under 5 C.F.R. §1201.151 and §1201.153, and that the Navy acted in violation of the Civil Rights and Age Discrimination statutes. The Navy responds that the only employment practice at issue is the failure to promote, which is not an appealable action. A non-promotion or non-selection, even if allegedly based on a prohibited personnel practice under 5 U.S.C. §2302(b) (listing categories of prohibited personnel practices in federal employment) is generally not appealable to the Board. See Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (*en banc*) (the asserted violation of 5 U.S.C. §2302(b) is not an independent source of Board jurisdiction); Prewitt v. MSPB, 133 F.3d 885, 886 (Fed. Cir. 1998) ("An agency's failure to select an applicant for a vacant position is generally not appealable to the Board.").

Mr. Sambrano argues that since he is entitled to the grade increase by qualification, experience, and tenure as a licensed Professional Engineer who has served the federal

government for more than twenty years, the Navy and OPM must demonstrate that its rules and regulations authorize denial of the increase. He points out that the Board has authority to review OPM rules and regulations, see 5 U.S.C. §1204(f)(1), and that the Board committed reversible error by failing to consider his evidence of discrimination. However, absent an appealable employment action, the Board has no authority to review such evidence. If discrimination is charged, the MSPB correctly stated that the proper forum is the EEOC. Although claims for discrimination because of age and for civil rights violation "should be construed not narrowly and technically, but broadly and liberally," Hill v. Dep't of Air Force, 796 F.2d 1469, 1472 (Fed. Cir. 1986), unless the employment action is appealable, the asserted reasons for the action are not within the Board's review authority.

Mr. Sambrano also complains of the Navy's lack of "standard procedure as to how selecting officials choose to notify applicants of job interviews." Lack of standard procedure in the selection process is not an "employment practice" within the meaning of 5 C.F.R. §300.104(a). See Prewitt, 133 F.3d at 887 (holding that irregularity such as racial misidentification in the selection process is not "an application of a specific rule, provision, or policy by the agency"). Again, since failure to select or promote is not an appealable action, the Board cannot review the reasons for such failure.

Each party shall bear its costs.